Bret F. Maness - Pro Se

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

(209) 386-4673

RECEIVED

MAY 2 3 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. 3:03-cr-0077-RRB |
| VS. ) | RECUSAL MOTION PURSUANT TO |
| | 28 U.S.C. §§ 144, 455 |
| BRET F. MANESS, ) | |
| Defendant. ) | |
| _____ ) | |


Bret F. Maness, Pro Se, hereby moves for recusal
pursuant to 28 U.S.C. §§ 144, 455. This motion is supported
by affidavit.

The District Court Judge assigned to this case, Ralph
R. Beistline must be recused because he has engaged in

illegal ex parte communications with outside parties in regards to the Defendant in this case. A complaint against Mr. Beistline has been filed in the United States Court of Appeals for the Ninth Circuit. Moreover Mr. Beistline may be under investigation by the Church of Latter Day Saints for child molestation due to a complaining letter sent by Mr. Maness on March 22, 2005.


I. JUDGE BEISTLINE'S EX PARTE COMMUNICATION


Mr. Maness presented strong evidence that Judge Beistline engaged in illegal ex parte communications with State Judge John Suddock. (Exhibit A).


Mr. Maness requested that the Judicial Council further investigate Judge Beistline's misconduct. That the Judicial Council declined to do so in no way detracts from the strong evidence Mr. Maness presented. See: In Re Complaint of Judicial Misconduct, 425 F.3d 1179, 1183-99 (9th Cir. 2005) (Kosinski, Circuit Judge Dissenting) (finding that allegations of judicial "secret communications" are routinely not investigated and swept under the rug by the Judicial Council).


II. A COMPLAINT WAS FILED, AND JUDGE BEISTLINE WAS NOTIFIED, CREATING AN "APPEARANCE OF BIAS"

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible". Liljeberg V. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).

Judge Beistline's illegal, unconstitutional, ex parte communications, and Mr. Maness's complaints about them create the appearance that Judge Beistline would not be able to be fair and impartial in further proceedings in Mr. Maness's case. The goal of § 455(a) is to avoid even the appearance of impartiality. Liljeberg at 862.

"What matters is not the reality of bias or prejudice but it's appearance" and "quite simply and quite universally recusal [is] required whenever impartiality might reasonably be questioned". Liteky V. United States, 510 U.S. 540 (1994) (quoting 28 U.S.C. § 455(a)).

The secret communications complained of here are the type of bias resulting from an "extrajudicial source" that are required for recusal. Id. at 545. Recusal is appropriate in this case because "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned". Yagman V. Republic Ins., 987 F.2d 622, 626 (9th Cir. (1993) See Also: In Re Krisle, 54 B.R. 330 (Bkrtcy D.S.D. 1985) (recusal proper when suit brought alleging judge engaged in illegal ex parte communications).

III. THIS MOTION IS TIMELY

This motion is timely because no substantial motions have been filed in district court since the discovery of Judge Beistline's illegal ex parte communications. Preston V. United States, 923 F.2d 731, 733 (9th Cir. 1991); Smith V. Danyo, 585 F.2d 83, 86 (3rd Cir. 1978).

IV. THIS MOTION MUST BE DECIDED BY A DISTRICT COURT JUDGE OTHER THAN JUDGE BEISTLINE

Since this motion is brought under Sections 445 and 144 it must be decided by someone other then Judge Beistline himself. In Re Benard, 31 F.3d 842, 843 (9th Cir. 1994).

V. JUDGE BEISTLINE'S INVOLVEMENT IN CHILD SEXUAL ABUSE

Due to Mr. Maness's complaining letter to the Church of Latter Day Saints in regards to Judge Beistline's well documented leniency towards homosexual, incestuous, child molesters (Exhibit B) an investigation and excommunications and/or arrests may be forthcoming that involve high ranking members of the Mormon Church who purport themselves to be "pillars of the community". Yet are involved in a long running child pornography ring run by Mike and Shelley Gordon

(owners of "Chilkoot Charlies"), Terry Stahlman (owner of "The Showboat") Fred Potts (manager of "Pizza Hut") and Mike Justice (photographer). This child pornography ring specializes in particularly perverted illegal pornography that involves rape, torture, beastiality and more.

Since Mr. Maness has exposed Judge Beistline's possible involvement with a child molestation/pornography ring, Judge Beistline should be recused. "Section 455 requires not only that a judge be subjectively confident of his ability to be even handed, but also that an informed, rational objective observer would not doubt his impartiality". Bernard at 844 (citing United States v. Winston, 613 F.2d 221, 222 (9th Cir. 1980).

CONCLUSION

Judge Beistline should recuse himself from this case. Failing that, the Chief Judge should recuse Judge Beistline.

Dated this 14th day of May, 2006

Bret Maness

I, Bret F. Maness, hereby declare under pain of

perjury, that I placed true and correct copies of the
foregoing in a sealed envelope, first class postage pre-paid,
in the legal mailbox at U.S.P. Atwater, addressed to:

Alaska District Clerk of Court


Frank Russo, Asst. U.S. Attny.


at their addresses of record on 5-14-06

Bret Maness