Bret F. Maness
Reg. No. 14611-006
USP Atwater
P.O. Box 019001
Atwater, CA 95301

RECEIVED
MAY 23 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

STATEMENT OF FACTS, RE: COMPLAINT AGAINST RAPLH R. BEISTLINE, U.S. DISTRICT JUDGE FOR THE DISTRICT OF ALASKA.

My complaint against Judge Beistline is this; I have evidence that proves that Judge Beistline conferred with Alaska State Judge John Suddock and gave testimony in Alaska Civil Case No. 3AN-03-8531 CI, about the Federal Criminal Case NO. CR-03-00077-a-RRB in absence of parties and in violation of my constitutional rights to due process.

Included as Exhibit A is an order issued by Superior Court Judge John Suddock in Case No. 3AN-03-8513 CI. This is essentially an order dismissing my excessive force claim in State Court. This claim was dismissed under the doctrine of collateral estoppel based on Judge Beistline's sentence enhancement findings at the federal sentencing hearing in Case No. CR-00077-a-RRB.

Starting on page 1 Judge Suddock's order states: "The [Superior] Court has re-read the federal sentencing transcript. Judge Beistline discussed the issue of the bullet wound, and found the point of entry to be irrelevant. He found that Plaintiff had pointed a rifle at the police officers, and that this assaultive conduct led to the shooting. He made these findings by clear and convincing evidence". Continuing on page 2, "Judge Beistline was fully aware of Plaintiff's theory of the case, that he was an innocent citizen beleaguered by pursuing thugs, chased by them into the woods, and shot in the back as he was peacefully hiding from his pursuers, his assault rifle not in play. Judge Beistline found that account unworthy of belief, and enhanced Mr. Maness' sentence for testimonial obstruction of justice".

Included as Exhibit B are excerpts of transcripts in the federal sentencing hearing in Case No. CR-00077-a-RRB. It states in pertinent part: "The next one is USSG 3C1.1, willful attempt to obstruct or impeded justice. I listed to the defendant's testimony at trial, I listened to the other testimony at trial. Basically it was defendant's position that he -- he was just there innocently, happened to hear a noise in his motorhome, got out there, found that all these weapons had been planted there. The next thing you know, the police were there and one thing led to the next and he -- next thing he knows he's shot and arrested. Jury didn't believed that. I didn't believe it, and I don't think that anyone objectively listening to the presentation of evidence would -- would believe the incredible series of coincidences that would've had to have occurred for that to have been

2

true. Defendant was simply trying to present the facts in a posture that would make him look innocent when he was guilty. And that's the type of thing that this particular offense characteristic is designed to punish. So I think that a two level is -- increase is appropriate under USSG 3C1-1" .

As is clear, the statement of State Judge John Suddock in his order of 5-19-04 could not have come from the transcript of the federal sentencing hearing. To me, this sounds like something that came from Ralph Beistline's mouth and that is exactly what it is, but it did not come from the record of the federal trial or sentencing, and it is not my testimony at trial. My defense in this 18 U.S.C. §922(g)(1) case was a justification defense, however I was precluded from presenting this defense to the jury, testifying about it, or having the jury thus instructed by Judge Beistline. The point is that nowhere in the record of the state civil case or the federal criminal case could the finding on page 2 of Judge Suddock's order be deduced.

I am an indigent prisoner and cannot afford to submit the entire federal trial and sentencing transcripts with this complaint. However it is already on record with the Ninth Circuit Court in Case No.04-30004. For your information the sentencing transcript is at tab U of volume 5 of appellant's excerpt of record and my trial testimony is found at pages 3-103 to 3-211 of volume 4 of the trial transcript. I have submitted the pertinent part of the sentencing transcript with this complaint as Exhibit B, this along with Exhibit A

is strong prima facie evidence that District Court Judge Beistline violated my due process rights, improperly engaging in discussions in absence of opposing parties. This is an abuse of judicial office and calls for further investigation.

Respectfully Submitted
This 5th day of MAY , 2005

Bret F. Maness

I Bret F. Maness hereby certify that I sent five copies of the foregoing to the 9th Circuit Clerk on MAY 5 , 2005

Bret F. Maness

EXHIBIT A-1


UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103-1526

Cathy A. Catterson
Clerk of Court

May 23, 2005

(415) 556-9800

Bret F. Maness - Reg. No. 14611
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

Re: Complaint of Judicial Misconduct No. 05-89048

Dear Mr. Maness:

We have received the complaint of judicial misconduct filed pursuant to 28 U.S.C. § 352(c) against Judge Beistline. Docket Number 05-89048 has been assigned to this matter.

Pursuant to the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability, a copy of the complaint has been forwarded to Chief Judge Schroeder, Chief Judge Sedwick and Judge Beistline.

Very truly yours,

Cathy A. Catterson

CAC/gb

---


UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103-1526

Cathy A. Catterson
Clerk of Court

June 29, 2005

(415) 556-9800

Bret F. Maness - Reg. No. 14611
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

Re: Complaint of Judicial Misconduct No. 05-89048

Dear Mr. Maness:

Chief Judge Schroeder has issued an order in your complaint of judicial misconduct. A copy is enclosed.

A complainant or judge aggrieved by an order of the chief judge dismissing a complaint may petition the judicial council for review thereof by filing such petition in the office of the clerk of the court of appeals within 30 days of the date of the clerk's letter to the complainant transmitting the chief judge's order. 28 U.S.C. § 352(c)(10); Misconduct Rules 5 and 6(a).

Very truly yours,

Cathy A. Catterson

CAC/gb

---

JUDICIAL COUNCIL
FOR THE NINTH CIRCUIT

FILED
JUN 29 2005
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

In re Charge of            )
                           )   No. 05-89048
Judicial Misconduct        )   ORDER AND
                           )   MEMORANDUM
_____)

Before: SCHROEDER, Chief Judge

A complaint of misconduct has been filed against a district judge of this circuit. Administrative consideration of such complaints is governed by the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability (Misconduct Rules), issued pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980. 28 U.S.C. §§ 351-364.

Complainant, a pro se prisoner who was represented in his criminal case, alleges that the judge improperly gave testimony in his civil state court action for excessive police force, or improperly conferred with the state court judge, without his presence and in derogation of his constitutional rights. The state court judge relied on certain sentencing findings made by the district judge, in dismissing complainant's state court action on collateral estoppel grounds. Complainant's contention is that the state court order "could not have come from the transcript of the federal sentencing hearing" and therefore must have been based on "something that came from [the judge's] mouth."

Complainant submitted the state court order and excerpts of the federal sentencing transcript, which were carefully reviewed. However, he failed to provide any objectively verifiable proof (for example, names of witnesses, recorded documents, or transcripts) supporting his allegation that the judge participated in improper ex parte communications. Indeed, the state court order quotes extensively from the sentencing transcript and cites it as the basis for the finding of collateral estoppel. Conclusory charges that are wholly unsupported, as here, will be dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3). These charges, therefore, are dismissed.

COMPLAINT DISMISSED.

Chief Judge

2

EXHIBIT A-2

Bret F. Maness
Reg. No. 14611-006
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301
(209)386-4673

RE: Complaint of judicial misconduct
No. 05-89048 July 21, 2005

    I, Bret F. Maness, hereby petition the Judicial Counsel for review of the Chief Judge's order dismissing my complaint of judicial misconduct regarding Ralph R. Beistline, District Judge of Alaska.

    In Chief Judge Schroeder's order and memorandum dismissing my complaint she states, "complainant submitted the State Court order and excerpts of the Federal Sentencing Transcript, which were carefully reviewed. However, he failed to provide any objectively verifiable proof (for example, names of witnesses, recorded documents, or transcripts) supporting his allegation that the judge participated in improper ex parte communications".

    I obviously provided transcripts, and I contend these support my allegation that Judge Beistline participated in improper ex parte communication in violation of my constitutional rights.

    Most pertinent is Alaska Superior Court Judge John Suddock's statement, in his order dismissing my civil claim of excessive force that, "[Federal District Court] Judge Beistline was fully aware of Plaintiff's theory of the case, that he was an innocent citizen beleaguered by pursuing thugs, chased by them into the woods, and shot in the back as he was peacefully hiding from his pursuers...". (1) This statement could not be gleaned from the Federal Sentencing Transcript. (2) Judge Suddock specifically names Judge Beistline as the source for this information. I contend this evidence calls for further investigation rather than a summary dismissal of my complaint.

(1)-(Exhibit A of original complaint)
(2)-(Exhibit B of original complaint)

Respectfully Submitted,
this 21ˢᵗ day of July, 2005

BRET MANESS

---

OFFICE OF THE CIRCUIT EXECUTIVE
UNITED STATES COURTS FOR THE NINTH CIRCUIT

95 SEVENTH STREET      GREGORY B. WALTERS, CIRCUIT EXECUTIVE
POST OFFICE BOX 193939      PHONE: (415) 556-2000
SAN FRANCISCO, CA 94119-3939      FAX: (415) 556-6179

TO: Members of the Judicial Council of the Ninth Circuit:
Circuit Judges Alarcón, Kozinski, Kleinfeld, Wardlaw and W. Fletcher,
District Judges Ezra, Levi, McNamee, Strand and Winmill

FROM: Gregory B. Walters, *Circuit Executive*

DATE: August 10, 2005

RE: Petition for Review of Complaint of Judicial Misconduct
No. 05-89048

    Pursuant to Chapter III of the Rules of the Judicial Council Governing Complaints of Judicial Misconduct or Disability, enclosed is a petition for review of Chief Judge Schroeder's order of dismissal in the above complaint.

    A copy of the file in this matter is also enclosed. Please return your completed ballot by August 31, 2005. You may keep the file materials in your office or destroy them.

GBW/gb
Encls.
cc: Complainant

---

Office of the Clerk
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103-1526

Cathy A. Catterson
Clerk of Court

September 23, 2005      (415) 556-9800

Bret F. Maness - Reg. No. 14611
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

Re: Complaint of Judicial Misconduct No.05-89048

Dear Mr. Maness:

    The Judicial Council has issued an order in response to the petition for review filed in your complaint of judicial misconduct. A copy is enclosed.

    Please be advised that pursuant to 28 U.S.C.§ 352(c)(10), and subparagraph (e)(2) of Rule 8 of the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability, no further review of this complaint is provided for by law.

Very truly yours,

Cathy A. Catterson

CAC/gb

---

FILED
SEP 2 3 2005
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JUDICIAL COUNCIL
OF THE NINTH CIRCUIT

IN RE COMPLAINT OF      No. 05-89048
JUDICIAL MISCONDUCT      ORDER

Before: ALARCÓN, KOZINSKI, KLEINFELD, WARDLAW and W. FLETCHER, Circuit Judges, and EZRA, LEVI, McNAMEE, STRAND and WINMILL, District Judges.

    Pursuant to Chapter III of the Rules of the Judicial Council Governing Complaints of Judicial Misconduct or Disability under 28 U.S.C. § 352(c), complainant has filed a petition for review of the order of the Chief Judge entered on June 29, 2005, dismissing the complaint against a district judge.

    We have carefully reviewed the record and the authorities cited by the Chief Judge in her order of dismissal. We find no basis for overturning the order of dismissal.

    For the reasons stated by the Chief Judge and based upon the controlling authority cited in support thereof, we affirm.

A-3