Bret F. Maness

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

(209) 386-4673

RECEIVED

MAY 3 0 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:03-cr-0077-RRB |
| Plaintiff, | ) | |
| vs. | ) | |
| BRET F. MANESS, | ) | SUPPLEMENTAL BRIEF |
| Defendant. | ) | RE: RE-SENTENCING |
| | ) | |

Bret F. Maness, Pro Se, hereby submits his supplemental brief in regards to re-sentencing. In his initial "Brief RE: Re-Sentencing" of May 15, 2006, Mr. Maness stated "Mr. Maness incorporates by reference all arguments made by his former counsel on this matter". Mr. Maness received former counsel's "Bret Maness's Request for Re-Sentencing" motion on May 19, 2006. Mr. Maness would now like

to elaborate and correct one issue raised by former counsel and raise two issues that were not addressed, which Mr. Maness expected his former counsel to argue. Mr. Maness drafted this supplemental brief as soon as possible. It is filed in the interest of justice and not for the purpose of delay.

I. RE-SENTENCING IS REQUIRED BECAUSE ORIGINAL SENTENCE WAS BASED ON INCORRECT GUIDELINES COMPUTATION.

Mr. Maness agrees with his former counsel that re-sentencing is warranted pursuant to United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006) because there has been an incorrect guidelines computation in this case. However, there was not only one incorrect computation but five, as follows:

(A) the correct base offense level was level 14 not only because the Norinco rifle was not prohibited under 18 U.S.C. § 921(a)(30) but because said rifle is not "[A] firearm described in [former] 18 U.S.C. § 921(a)(30)". (U.S.S.G. 2K2.1(a)(5), November 1, 2005 ed.).

The former "assault weapon ban" 18 U.S.C. § 921(a)(30), was a knee jerk reaction by people with no knowledge of firearms, to what is a problem with some humans. It was passed at the expense of gun owners who were made the scapegoat. What most people don't understand is that the

2

former "assault weapon ban" did not make any firearm that any U.S. citizen actually possessed illegal. In actual practice, what the former "assault weapon ban" actually did was ban the importation and/or manufacture of firearms with certain "bad" characteristics. No one actually possessed any "prohibited" firearm under the ban because they were not manufactured and/or imported.

The rifle at issue in this case is an Norinco Mak-90. This rifle is referred to, by people in the know, as a "post-ban" rifle. This is because it was imported after the enactment of the former "assault weapons ban". The simple fact is that this rifle was specifically manufactured without the offending "bad" characteristics (i.e. bayonet lug, flash suppressor) so it could be legally imported after the former "assault weapons ban" 18 U.S.C. § 921(a)(30) was passed into law. Hence the Norinco Mak-90 is not "[A] firearm described in [former] 18 U.S.C. § 921(a)(30)" (U.S.S.G. 2K2.1(a)(5), November 1, 2005 ed.).

Mr. Maness and similarly situated defendants should not be prejudiced and forced to spend years and years in dank, draconian federal prisons that are admittedly full of violence that cannot be controlled by the government and contains dangerous health hazards for the victims of the prison industrial complex. (Such as aids, hepatitis, nuclear waste, chemical poisons from the prison slave labor industry, food provided by the lowest bidder, etc) because judges, defense attorneys, prosecutors, and legislators know nothing

about firearms. The sentencing judge in this case stated that: "with regard to the offense level, the court finds by clear and convincing evidence the Plaintiff (sic) possessed an automatic weapon of the kind and nature to qualify for an offense level of 20. The Noriko - Noriko (sic) 90 was a prohibited weapon, was a semi-automatic assault weapon. Apprendi does not apply..." (sentencing transcript at 19).

Not even the government, in its post-sentence pleadings, disputes that this Norinco rifle is not a "prohibited weapon" and nowhere in the sentencing transcripts does the judge claim that this Norinco rifle is "[A] firearm described in [former] 18 U.S.C. § 921(a)(30)" as required by (U.S.S.G. 2K2.1(a)(5).

This is clearly a case where the district court committed error in applying the guidelines that requires a full and fair re-sentencing hearing pursuant to United States V. Cantrell, 433 F.3d at 1279-80. This fact is confirmed by the case, United States V. Jamieson, 202 F.3d 1293, 1296-97 (11th Cir. 2000) where the Eleventh Circuit concluded that a Norinco Mak-90 is not a firearm described in former 18 U.S.C. § 921(a)(30), is not a prohibited weapon, and is exempt under former 18 U.S.C. § 922(v)(1)(3). To Mr. Maness's knowledge to this date there are no cases that controvert this holding.

(B) INCORRECT ENHANCEMENT UNDER 2K2.1(b)5 - POSSESSION OF FIREARM IN CONNECTION WITH ANOTHER FELONY OFFENSE.

The sentencing judge gave two reasons for this four point enhancement: (1) "Defendant was a felon in possession of weapons attempting to elude police". And, (2) "was a felon in possession of weapons threatening police" (p.20 sentence transcript). However the evidence that was presented does not amount to a felony under Alaska law and is a question for a jury, U.S. Const. Article III, § 2, cl.3; U.S. Const. Amend. 6, Duncan V. Louisiana, 391 U.S. 145, 151 (1968); Rose V. Clark, 478 U.S. 570, 578 (1986); Apprendi V. New Jersey, 530 U.S. 466 (2000); Blakely V. Washington, 542 U.S. 296, 313-14 (2004); United States V. Booker, 543 U.S. 220, 125 S.Ct. 738, 748-49 (2005).

In regards to the "attempted eluding" (there is no such crime in Alaska) the trial testimony of State Troopers Hamilton and Spitzer show that they told Mr. Maness he was not under arrest (pg. 2-24 and 2-25 Tr. Transcript). Hence the felony crime of eluding is an impossibility.

In regards to "threatening police" again there is no felony offense of "threatening police" in Alaska and if Mr. Maness is innocent or guilty of such an offense it is a question for a jury of his peers not a government appointee. Trooper Hamilton admits trying to break into Maness's home at one in the morning, he had no warrant, no exigent circumstances existed, and he did not identify himself. (pg. 1-193 Tr. Transcript). Threatening someone who sneaks onto your property at one in the morning (pg. 1-217 Tr. Transcript) and attempts to force entry into your home is not

a crime, in fact it is a rather conservative reaction, as it is legal to use deadly force against someone attempting to force entry into an occupied dwelling under Alaska Statute.

(C) INCORRECT ENHANCEMENT UNDER U.S.S.G. 3C1-1 - OBSTRUCTION OF JUSTICE (PERJURY).

This enhancement was applied to Mr. Maness's testimony at trial. The Supreme Court defines perjury "[A]s willfully false testimony under oath concerning a material matter" United States V. Dunnigan, 507 U.S. 87, 94 (1993). Since Mr. Maness was unconstitutionally precluded from presenting his defense by the trial court, he was effectively forced to take the stand and admit to the elements of 18 U.S.C. § 922(g)(1) without the benefit of a plea agreement See: Gilmore V. Taylor, 508 U.S. 333, 359-63 (1993) (Justice Blackmun with Justice Stevens dissenting) (citing cases).

Hence, it is impossible for Mr. Maness to have committed perjury about a material matter.

(D) INCORRECT ENHANCEMENT UNDER 3A1.2(b) - OFFICIAL VICTIM.

This enhancement was incorrect because the sentencing judge precluded all evidence that Mr. Maness was shot in the back from the jury. The judge also incorrectly precluded Mr.

6

Maness from presenting evidence at the sentencing "hearing". (Maness's motion for evidentiary hearing at sentencing, submitted November 18, 2003; trial court's order denying same, stating that "whether defendant was shot in the back...will have no bearing on sentence". Dated November 19, 2003).

It is clear from the testimony of the two A.P.D. officers that are alleged to be Maness's "victims" because Maness was allegedly "pointing [a] weapon" at them (sentencing transcript pg.. 21), that if Maness was allowed to prove that he was shot in the back, this would conclusively prove that Maness was not pointing a rifle at these officers because they state under oath that the time they first layed eyes upon Maness until the time they shot him as "fractions of a second" and "one to two seconds" respectively. (See: Attachment A, Excerpts of Trial Testimony of Ehm and Peck). Thus, there is no time for Maness to have pointed a weapon and afterwards turn his back.

As is undisputed, Maness was never afforded an opportunity to present physical, medical and photographic evidence or testimony at trial or sentencing regarding the issue that the police were "victims" of an aggravated assault as required by 3A1.2(b) application note 4(A). (See: Attachment B - Examples of Photographic and Medical Evidence).

(E) INCORRECT ENHANCEMENT UNDER U.S.S.G. 3C1.2 (RECKLESS ENDANGERMENT).

U.S.S.G. 3C1.2 Application Note 2 directs you to U.S.S.G. 2A1.4 Application Note 1 to find the definition of "reckless" Mr. Maness submits that the sentencing judge's factual findings do not meet this standard.

As stated in my original "Brief Re: Re-Sentencing" all of the above sentence enhancements convict Mr. Maness of crimes separate from the crime of conviction and have collateral consequences. Hence requiring a jury trial.

II. INCORRECT CRIMINAL HISTORY.

Mr. Maness has asserted from before he was sentenced that his criminal history score was II. The government contended it was III.

The main contention on this issue was that the government had assessed Mr. Maness two criminal history points for committing the instant offense while being on bond pending appeal (See: pg. 13-16 of Sentence Transcript).

To simplify the matter the government's argument was that Mr. Maness should receive the two extra criminal history points because he was on bond pending appeal in an Alaska State case and (according to the government) the sentence in

8

the State case had not been stayed. The following is a quotation from the government at pg. 16 of the sentence transcript:

"[Mr. Maness's] sentence for the 97' offense was never stayed pending appeal, he was on bail pending appeal. So there was never a stay by the Superior Court of the State of Alaska, so therefore... I assume Defendant is arguing for some sort of implicit stay that was granted, and there... was no such explicit stay, which is what the guidelines require, a stay of execution of sentence".

Alaska Rule of Appellate Procedure 206(a)(1) (Stay of Execution) provides:

"Imprisonment. A sentence of shall be stayed if an appeal is taken and the defendant is released pending appeal".

Hence, the governments representation was false. Moreover, the fact that Mr. Maness's former counsel did not research the simple court rules in regards to this issue amounts to ineffective assistance of counsel as articulated by <u>Strickland V. Washington</u>, 466 U.S. 668 (1984).

III. MR. MANESS IS ELIGIBLE FOR A REDUCED SENTENCE BECAUSE HE WAS SHOT IN THE BACK BY LAW ENFORCEMENT PERSONNEL.

The fact that Mr. Maness was shot in the back, if allowed to be proven to the court, would conclusively prove that the officer's who shot him are less than truthful. Under Ninth Circuit precedent, the court may fashion a reduced sentence in this situation. "We similarly recognize that it is theoretically possible that being shot by law enforcement personnel can constitute punishment, thus allowing a court to fashion a reduced sentence. United States V. Clough, 360 F.3d 967, 970 (9th Cir. 2004) (citing United States V. Mason, 966 F.2d 1488, 1496 (D.C. Cir. 1992); Koon V. United States, 518 U.S. 81, 109 (1996)).

Similarly this would apply as a factor under 18 U.S.C. § 3553(a).

IV. CONCLUSION.

Mr. Maness is due a full and fair sentencing hearing where he is allowed to present his relevant evidence in regards to punishment.

Dated this 23rd day of May, 2006

_____
Bret Maness

I, Bret F. Maness, hereby declare under pain of perjury, that I placed true and correct copies of the foregoing in the legal mail system at U.S.P. Atwater, in a sealed envelope, first class postage pre-paid, addressed to:

Alaska District Court Clerk

Frank Russo, A.U.S.A.

at their addresses of record on 5-23-06.

Bret Maness