IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>BRET F. MANESS,<br><br>   Defendant. | Case No. 3:03-cr-0077-RRB<br><br>**ORDER RE RECUSAL MOTION** |

  Before the Court, at Docket 138, is Defendant's motion to recuse the undersigned District Court Judge. Defendant's request is made pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. The motion is without merit.

  A defendant in a criminal case cannot fabricate salacious allegations against the trial judge and expect to receive a new judge.[1] If such conduct were permitted, judges would be

---

[1] Indeed, "[t]he judicial system has the right and duty to protect itself and its judges from inappropriate manipulations and unwarranted attacks." Sprague v. Walter, 22 Pa. D. & C.3d 564, 579 (1982).

incessantly rotating and criminal defendants would assume control of case calendaring.[2]  In the instant case, Defendant has made two allegations against the undersigned, both of which are untrue.

The first allegation Defendant makes apparently relates to a civil action Defendant filed in State Court in which Defendant alleges this Court had ex parte contact with the trial judge in the State Court case.  This Court had/has absolutely no interest in, or involvement with, Defendant's State Court case and certainly has never spoken with the State Court trial judge regarding the case.  The complaint Defendant filed regarding this with the Judicial Council for the Ninth Circuit was dismissed by Order of the Chief Judge filed June 29, 2005.

The second allegation Defendant makes is even more outrageous, totally untrue, and lacking in any factual support.

Based on the foregoing, and concluding that Defendant's motion to recuse is frivolous, the Court hereby **DENIES** Defendant's request, made pursuant to 28 U.S.C. § 455, that the undersigned disqualify himself in this matter, for there is no legitimate basis upon which one might conclude that the Court's impartiality might reasonably be questioned.

---

[2]   "[T]he recusal motion should not be permitted to enable one litigant to fashion and control the roster of who will or will not sit and preside on its cases."  Id. (emphasis added).

Defendant has also accused the Court of being biased or prejudiced against him pursuant to 28 U.S.C. § 144. While this allegation is based on the same charges as the first, 28 U.S.C. § 144 requires that this be addressed by another judge. Therefore, the Court will refer this matter, as well as the allegations regarding impartiality made pursuant to 28 U.S.C. § 455, to the Chief Judge for review and resolution and will take no further action in this matter until resolved.

ENTERED this 7th day of June, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE