UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>BRET F. MANESS,  )<br>  )<br>    Defendant.  )<br>_____) | 3:03-cr-00077 RRB<br><br>ORDER FROM CHAMBERS<br><br>[Re:  Motion at docket 138] |

## I.  MOTION PRESENTED

At docket 138, defendant Bret F. Maness ("Maness"), who appears *pro se*, filed a motion asking that the assigned judge, Hon. Ralph R. Beistline, recuse himself from further proceedings in this matter, and that if he does not recuse himself, that he be removed from Maness' case by the chief judge.  The motion was supported by two exhibits and Maness' affidavit filed separately at docket 139.  Maness cites both 28 U.S.C. § 144 and 28 U.S.C. § 455 as authority for his motion.  Judge Beistline filed an order at docket 142 denying the request insofar as it is based on § 455, but referring the matter to the chief judge with respect to the argument that recusal is required by the other provision cited by Maness, 28 U.S.C. § 144.[1]

---

[1] This was the correct procedure.  Motions based on § 144 must be referred to another judge pursuant to the text of the statute.  In contrast, § 455 refers to the individual judge's own obligation to consider whether to recuse in circumstances outlined in that statute.

## II.  BACKGROUND

Maness is a convicted felon.  In the pending case, he was charged with two counts of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1),[2] and the jury returned guilty verdicts on both counts following a trial in June of 2003.[3] Thereafter, a sentencing proceeding was conducted by Judge Beistline who sentenced Maness to the statutory maximum punishment of ten years in prison.[4]  Maness appealed his conviction and sentence.  The Court of Appeals affirmed Maness' conviction, but remanded the case to the District Court to determine whether a different sentence might have been imposed if the sentencing judge had known at the time sentence was imposed that the Guidelines promulgated by the United States Sentencing Commission should be considered advisory, not mandatory.[5]

In his motion, Maness sets out two grounds which he contends require recusal. First, he asserts that Judge Beistline must have had an *ex parte* communication about Maness with Alaska Superior Court Judge John Suddock.  Subsequent to Maness' sentencing in this federal case, Judge Suddock conducted proceedings in state court in which he quoted from the transcript of the sentencing proceeding in which Judge Beistline indicated he thought Maness' spoke falsely.   This allegation was the subject of Maness' unsuccessful complaint of judicial misconduct filed with the Judicial Council of the Ninth Circuit.[6]  Second, he asserts Judge Beistline's "possible involvement with a child molestation/pornography ring,"[7] a ring Maness says involves several people he identifies by name and which he says specializes in "particularly perverted illegal

---

[2] Doc. 1.

[3] Doc. 75.

[4] Doc. 104.  The maximum punishment is established in 18 U.S.C. § 924(a)(2).

[5] Order and Amended Memorandum at doc. 127.  The remand was made pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).

[6] No. 05-89048.  The complaint was dismissed by the Chief Judge of the Circuit on or about June 29, 2005.

[7] Doc. 138 at p. 5.

pornography that involves rape, torture, bestiality, and more,"[8] and Maness' own letter to the Church of Jesus Christ of Latter Day Saints which says that "there is undisputable evidence that Mr. Beistline is a coddler of child molesters."[9]

### III.  DISCUSSION

The charge that Judge Beistline must have talked to Judge Suddock is not supported by any evidence.  It appears that Judge Suddock quoted from the transcript of the proceeding in which Judge Beistline sentenced Maness when Judge Suddock acted in state court.  The proceedings in this court are a matter of public record.  That Judge Suddock may have consulted the transcript is not suspicious and certainly is not evidence that he spoke to Judge Beistline.

The assault on Judge Beistline's character implicit in the allegation that he is a "possible member" of a ring of child pornographers and a "coddler of child molesters" is is not based on any evidence at all.  Rather, it is based on passages in an Alaska Court of Appeals opinion published in *Dandova v. State,*[10] wherein the state court had occasion to review the allegations of a woman named Jana Dandova who was charged with attempted murder.  The allegations related to Dandova's "heat of passion defense." Dandova's alleged victim was Craig Schumacher.  Dandova had a sexual relationship with Schumacher which produced a child, C.D., whom she alleged had been sexually abused by Schumacher.  In the course of evaluating her defense, the Court of Appeals repeated much of what Dandova claimed about Schumaker and referred to other testimony given by an expert witness about Schumacher.  The Court of Appeals did not say there was any merit in Dandova's allegations.  Indeed, its task was only to decide whether, if what she said was true, the law would recognize it as a defense.  In the opinion, the Court of Appeals noted:  "After hearing this (and other) evidence Superior Court Judge Ralph R. Beistline concluded that, 'the evidence of child molest[ation was] very weak.'  Although he harbored some concerns, the judge concluded that the

---

[8]*Id.*

[9]*Id.*, Ex. B at p. 1.

[10] 72 P.3d 325 (Alaska App. 2003).

evidence did not clearly establish that Schumacher was a pedophile or was otherwise a danger to the child.  Accordingly, Judge Beistline ordered that custody of C.D. be divided equally between Dandova and Schumacher."[11]  In other words, the Court of Appeals noted that the trial judge tasked with sorting out a nasty custody dispute made a decision that the assertions of one party seeking to gain exclusive custody were weak. The appellate court's discussion reflects nothing more than that Judge Beistline discounted much of what one combatant in a child custody dispute was willing to say about her adversary–hardly a surprising thing to do.

The court has carefully reviewed Maness' affidavit at docket 139 to see if it provides any evidence to support the request to recuse.  It does not.  All it shows is that Maness filed the complaint of judicial misconduct, and that Maness took it upon himself to write a letter to a church pointing to the decision in *Dandova*.  Curiously, the affidavit omits any explanation of how Maness knows the names of the people his motion asserts operate a child pornography ring and how he knows the nature of their pornographic interests.  One might be pardoned for thinking that either Maness made it all up, or that Maness himself has some connection to child pornographers who enjoy "bestiality and more."

## IV.  CONCLUSION

For the reasons above, the motion at docket 138 is **DENIED**.

DATED at Anchorage, Alaska, this 13th day of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[11] 72 P.3d 328.