Bret F. Maness

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

(209) 386-4673

**FILED**

JUN 3 0 2006

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:03-cr-00077 RRB |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| | ) | OF BRET MANESS'S MOTION TO |
| | ) | |
| | ) | PROCEED PRO SE |
| BRET F. MANESS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Bret F. Maness hereby moves for reconsideration of this Courts order denying Maness's motion to proceed Pro Se, entered June 14, 2006. (Doc. 147-1).

The Sixth Amendment guarantees the right of a

defendant to represent himself. Faretta V. California, 422 U.S. 806 (1975). If an individual wishes to proceed Pro Se at sentencing, Faretta grants him the right to do so. Silagy V. Peters, 905 F.2d 986, 1007 (7th Cir. 1990). "The court in Faretta did not impose any restrictions upon a defendants right to refuse the assistance of counsel except to state that the right must be "knowingly and intelligently" waived". Id. (citing Faretta at 835). "A request for self-representation must be unequivocal, and timely, and must not be a tactic to secure delay". Armant V. Marquez, 772 F.2d 552, 555 (9th Cir. 1985) (citations omitted). A defendant has a Sixth Amendment right to proceed pro se at sentencing "so long as the request is intelligently and clearly made". United States V. Cesal, 391 F.3d 1172, 1181 (11th Cir. 2004). (emphasis in original) (citations omitted).

It seems undisputed that Mr. Maness's request for self-representation is unequivocal (Mr. Maness is an experienced litigant who is finally fed up with the Alaska Public Defender's lackluster "walk through" lawyering), is timely, (Mr. Maness filed his request to proceed Pro Se the moment this Court obtained jurisdiction) and is not a tactic to secure delay (Mr. Maness is currently incarcerated in a maximum security federal prison).

This Court's order cites no caselaw to support its decision to deny Mr. Maness's request to proceed Pro Se. The only reason provided is that "[D]efendant would likely benefit from legal representation" Hence this Court's denial

of Maness's request is a violation of his constitutional rights and an abuse of discretion.

CONCLUSION

For the reasons stated above Mr. Maness's request to proceed Pro Se should be granted.

Dated this 22nd day of June, 2006

_____
Bret Maness

I, Bret F. Maness, hereby declare on pain of perjury that I placed true and correct copies of the foregoing in a sealed envelope, first class postage pre-paid in the legal mail system at U.S.P. Atwater addressed to:

District of Alaska Court Clerk

Tom Bradley, Frank Russo, A.U.S.A.'s

at their addresses of record on 6-22-06

_____
Bret Maness

3

Deeming the foregoing "motion for reconsideration of Bret Maness's motion to proceed pro se" filed on 6-22-06 pursuant to the "Prison Mailbox Rule"; <u>Houston V. Lack</u>, 487 U.S. 266, 276 (1988); and, <u>United States V. James</u>, 146 F.3d 1183, 1184 (9th Cir. 1998).