Bret F. Maness

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

(209) 386-4673

**FILED**

JUN 3 0 2006

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:03- cr-00077 RRB |
| VS. | ) | MOTION FOR RECONSIDERATION |
| BRET F. MANESS, | ) | OF ORDER DENYING |
| Defendant. | ) | RECUSAL MOTION |
| | ) | |


Bret F. Maness hereby moves for reconsideration of Chief United States District Court Judge John W. Sedwick's order denying Mr. Maness's "Recusal Motion Pursuant To 28 U.S.C. §§ 144, 455" entered on June 13, 2006 (Doc 146-1).


## I. APPEARANCE OF BIAS

Mr. Maness contends that the court has overlooked and not addressed the fact that the allegations made by Mr. Maness in his complaint to the Ninth Circuit and the letter to the Church of Jesus Christ of Latter Day Saints are sufficient to create an appearance of bias that would make recusal appropriate. Liteky V. United States, 510 U.S. 540, 548 (1994); Yagman V. Republic Ins. 987 F.2d 622, 626 (9th Cir. 1993); In Re Krisle, 54 B.R. 330 Bkrtcy D.S.D. 1985). This Court has treated Maness's recusal motion as a bench trial of Judge Beistline with the object of finding him innocent.

"What matters is not the reality of bias or prejudice but its appearance." Liteky at 548.

II. THE CHARGE THAT JUDGE BEISTLINE
ENGAGED IN EX PARTE COMMUNICATIONS
IS SUPPORTED BY EVIDENCE.

Page 3 of Chief Judge Sedwick's order denying Mr. Maness's motion to recuse Judge Beistline states: "That Judge Suddock may have consulted the transcript is not suspicious and certainly is not evidence that he spoke to Judge Beistline".

This misses the entire point of Maness's complaint of ex parte communications by Judge Beistline. Maness's

complaint was not that Judge Suddock consulted the Federal
Sentencing Transcript. As is clear from Maness's complaint to
the Ninth Circuit, the evidence was that State Judge
Suddock's statement in his order dismissing Maness's civil
suit for excessive force based upon the collateral estopple
effect of Judge Beistline's sentencing enhancement findings
could not be gleaned from Judge Beistline's statements in the
Federal Sentencing Transcript. (Doc. 138 Ex. A-3). As Judge
Suddock names Judge Beistline as the source of his
information, the logical conclusion is that there was an ex
parte communication.


## III. EVIDENCE OF JUDGE BEISTLINE'S
## INVOLVEMENT IN CHILD SEXUAL ABUSE


In regards to the case Dandova V. State, 72 P.3d 325
(Alaska App. 2003), Chief Judge Sedwick explains much of the
case, but ignores the fact that Craig Schumacher openly
admitted to masturbating while observing his infant son. It
was after hearing this, among other evidence, that Judge
Beistline concluded that "the evidence of child molest[ation
was] very weak" and awarded custody to Mr. Schumacher. One
must ponder whether any jury in Alaska would have come to the
same conclusion, just as he must ponder whether reasonable
person with knowledge of all the facts would conclude that
Judge Beistline's impartiality might reasonably be questioned
after Mr. Maness has pointed this out to Judge Beistline's

church.

Finally on page 4 of Chief Judge Sedwick's order he states: "Curiously, [Maness's] affidavit omits any explanation of how Maness knows the names of the people his motion asserts operate a child pornography ring and how he knows the nature of their pornographic interests. One might be pardoned for thinking that either Maness made it all up, or that Maness himself has some connection to child pornographers who enjoy 'bestiality and more'."

Mr. Maness replies that, yes, he himself has some connection to the child pornographers named in his motion, in that he himself and a number of his childhood friends were molested by them. (See: Exhibit A, draft of a civil lawsuit which Mr. Maness has signed on pain of perjury making it the legal equivalent of an affidavit).

Perhaps since Mr. Maness is a mere "convicted felon", convicted of the crime of smoking marijuana and being a gun owner, the Chief Federal Judge of Alaska (and the "tough on crime" A.U.S.A.'s this motion is being served upon) are in a better position to put a stop to Mike Gordon's child pornography ring that has been operating in Anchorage for at least 30 years. Or perhaps not.

IV. CONCLUSION

As the events in this case would lead a rational, objective observer to conclude that Judge Beistline could not be impartial, recusal is appropriate.


Dated this 21st day of June, 2006

Bret Maness


I, Bret F. Maness, hereby declare on pain of perjury that I placed true and correct copies of the foregoing in a sealed envelope, first class postage pre-paid in the legal mail system at U.S.P. Atwater addressed to:

District of Alaska Court Clerk

Tom Bradley, Frank Russo, A.U.S.A.'s

at their addressed of record on 6-22-06

Bret Maness


Deeming the foregoing "motion for reconsideration of

5

order denying recusal motion" filed on 6-22-06 pursuant to the "Prison Mailbox Rule"; Houston V. Lack, 487 U.S. 266,276; and, United States V. James, 146 F.3d 1183, 1184 (9th Cir. 1998).