DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Frank.Russo@usdoj.gov
Thomas.Bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:03-cr-00077-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **RESPONSE TO** |
| vs. | ) | **DEFENDANT'S** |
| | ) | **SUPPLEMENTAL BRIEF** |
| BRET F. MANESS, | ) | **RE: RE-SENTENCING** |
| | ) | |
| Defendant. | ) | |
| | ) | |

     As stated in its previous Opposition to New Sentencing Hearing, the United States firmly believes that no new sentencing is required, as it is abundantly clear from the record that the Court would have imposed a ten year, statutory maximum

sentence in this case in any event.  In short, the Defendant's sentence would have been the same whether he was sentenced under an advisory or mandatory sentencing scheme.

However, given the latest filing by the Defendant challenging his sentence calculation under the United States Sentencing Guidelines (USSG), the government will address each of the Defendant's points in order.

I.    **Challenges to Offense Level Calculation**

A.    **Nature of Firearm Enhancement**

Defendant claims that the rifle he used was not covered by Title 18, United States Code, § 921(a)(30), and therefore his base offense level should be 14 rather than 20.  He then proceeds to complain how the behavior of "some humans" results in "knee jerk" responses by those whose knowledge of firearms is less complete than that of Mr. Maness, who is presumably one of those "people in the know."  After describing the weapon he was convicted of possessing as a "post ban" rifle not covered by the statute which triggers the higher base offense level, he bemoans being forced to endure the hardships of federal prison because of this alleged error.

The issue, of course, is not whether Mr. Maness should serve prison time, but rather how much time he should serve.  The case to which he refers, *United*

*States v. Jamieson*, 202 F.3d 1293 (11th Cir. 2000), does indeed stand for the proposition that not all Norinco weapons are covered by the sentencing enhancement.

However, even if the weapon was not found to be covered by USSG § 2K2.1(a)(4)(B), the provisions of § 2K2.1(a)(4)(A) would have resulted in the same base offense level of 20. Mr. Maness' prior state conviction for growing marijuana qualifies as a controlled substance offense and would therefore subject him to the same, enhanced base offense level. So under either theory, his base offense level remains at 20.

### B.    Enhancement for Possession During Another Felony

Defendant Maness next claims that his offense level was improperly adjusted upward based on findings that he possessed the weapon in connection with another felony offense. He is wrong that this needs to be submitted to the jury. It is an enhancement, not an increased statutory maximum or mandatory minimum, and therefore the cases he cites do not apply.

The fact that Maness used the firearm(s) in connection with felony offenses is clear, and will be made clearer at resentencing for the record. He eluded police. He brandished the firearm at police. These constitute the felonies of eluding and aggravated assault. Maness then claims that the troopers were sneaking onto his

property and attempting to force entry into his house, again blaming others for his conduct. He indeed alludes to his flight response as a "conservative reaction" and implies none too subtly that he could have used deadly force against the officers. His claim is merit less and should be rejected.

### C. Obstruction of Justice Adjustment

Maness complains that his perjury at trial should not be used against him. He again blames the Court for unlawfully forcing him to take the stand. How this happened, or how it was "impossible" for him to commit perjury is unclear. What is clear is that he testified and lied about knowing whether the police were after him, among other false statements, including his phantom attempt to surrender after his tires were punctured. His argument is frivolous.

### D. Official Victim Adjustment

Maness pointed a loaded weapon at uniformed policemen. Maness argues that his inability to offer the (false) claim that he was shot in the back should preclude the enhancement. Maness's argument is merit less. The Ninth Circuit has already addressed this improper defense on appeal, and as such it is the law of the case and cannot be raised again.

## II. Challenges to Criminal History Calculation

Maness offers no support, legal or otherwise, as to why the fact that he was

under sentence and on bail should not be used to enhance his sentence, other than to claim that his lawyer should have researched the issue.  There are very good reasons to punish more severely those criminals who continue to commit more crimes while under sentences, on bail, or on parole or probation.  This needs no further discussion.

### III.  Demand for Reduced Sentence Based on Shooting

Again, Maness resurrects an issue that was buried by the Court of Appeals, arguing once more that he was shot in the back and that this should somehow help him.  The case he cites simply states that the Court *could* consider such a departure.  This Court never considered the claim because it was not raised.  The Court should reject this absurd claim.  Mr. Maness is lucky to be alive.  He is also lucky he is not facing charges for shooting or killing police officers, which he was clearly prepared to do in this case.

### IV.  Conclusion

The guidelines are advisory, and must be considered by the Court, along with the statutory factors, in crafting a just sentence.  In this case, the advisory guideline range exceeded the statutory maximum.

The Court must consider a number of factors in imposing sentence.  Title 18, United States Code, § 3553(a).  The Court clearly did so, as evidenced by its

statements characterizing Maness as a dangerous criminal fully deserving of the maximum possible prison term.

First, the nature and circumstances of the offense, as well as the characteristics of the Defendant, must be considered. As noted at length during the trial and at sentencing, this was an ongoing, dangerous, and potentially deadly pursuit and standoff with police, initiated by this Defendant. He had already committed the crime of conviction before the police arrived, as he unlawfully possessed firearms and ammunition in his motor home. Maness made the situation much worse by fleeing, actually arming himself, and assaulting police officers. This was a very serious crime.

Maness himself is a dangerous offender who shows a history of violence and hatred, and displays no remorse. His trial testimony and his pleadings reflect nothing but blame for others. These factors demand a maximum sentence.

Second, the Court must consider promoting respect for the law, with a sentence that both reflects the seriousness of what the Defendant did and provides a just punishment. Again, this is a serious offense by a remorseless offender. His violent actions tied up a major highway for hours, tied down dozens of police, and could have easily resulted in the death of police officers or Maness himself. Respect for the law calls for a maximum sentence here.

3:03-cr-00077-RRB                                           6

Next, the Court must consider deterrence. This includes specific deterrence of this Defendant, as well as general deterrence within the community and nation. This offender probably cannot be deterred. He will likely commit crimes again as soon as he is released. Other felons who consider possessing weapons they know they cannot have need to be dissuaded by a long sentence in this case, particularly one where the offender used the weapons in such a dangerous manner.

The Court also needs to protect society against further crimes by this Defendant. His lack of regret and his history indicate that the only way to protect decent people from this violent man is to lock him in the "dank, draconian...prison industrial complex" for every day it possibly can.

Finally, the Court must consider rehabilitation. In this case, maybe Mr. Maness will mellow with time and seek training or rehabilitation. Although unlikely, more time, not less, would give Maness a better chance to do this for himself. In all likelihood, he will be released, continue to deflect responsibility onto others, and once again find himself in conflict with neighbors, women, police, courts, or other groups with which he has had incessant troubles - and he will probably be armed.

The Court should again impose the statutory maximum sentence of ten years, based both on the guideline calculation and the facts of this case.

RESPECTFULLY submitted this 14th day of July, 2006, at Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Thomas C. Bradley
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: Thomas.Bradley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2006,
a copy of the foregoing GOVERNMENT'S
RESPONSE TO DEFENDANT'S SUPPLEMENTAL
BRIEF RE: RE-SENTENCING was served
electronically on Kevin McCoy.

s/ Thomas C. Bradley