IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>BRET F. MANESS,<br><br>      Defendant. | Case No. 3:03-cr-0077-RRB<br><br>**ORDER MODIFYING SENTENCE** |

Before the Court, on limited remand from the Ninth Circuit Court of Appeals, No. 04-30004, pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), is the question of whether the sentence of 120 months originally imposed in this matter would have been materially different had the Court understood at the time that the United States Sentencing Guidelines (USSG) were advisory as opposed to mandatory. The answer to this question, on first blush, is "no." The sentence imposed would not have been different had the Court understood the USSG to have been advisory as opposed to mandatory, because the guideline range, as the Court understood it at the time, far exceeded the statutory maximum sentence for the crime of conviction. However, this mater

is complicated by Defendant's Request for Re-Sentencing at Docket 135, wherein Defendant asserts, among other things, that the offense level calculation used by the Court at sentencing was erroneous and that a proper understanding of the guideline range would have materially impacted the sentence rendered. This matter was fully briefed by the parties and the Court has reviewed the entire case file.

Defendant argues that the semi-automatic rifle in Defendant's possession at the time was not a "prohibited weapon" under 18 U.S.C. § 921(a)(30) and that, therefore, his total offense level should have been a 26 rather than 32 and his guideline range should have been 79-97 months instead of 151-188 months. This appears to be true. Had the Court understood this to be the case at the time sentence was initially imposed, the Court would have likely imposed the 97 month maximum sentence available under the guidelines. Certainly the Court would not have imposed less. This appears clear from a review of the sentencing transcript for, while the Court was very much aware of Defendant's dangerous propensities, the Court elected to apply neither upward nor downward departures, in part, because of the pre-indictment delay involved in this matter.[1] If one were to add the 21 months of

---

[1] Defendant spent roughly 21 months in State custody as a result of the conduct involved in this offense before being indicted in this case.

delay between the crime and the federal indictment to the 97 month guideline sentence, Defendant would be in custody for a total of 118 months, only two months less than the statutory maximum.

Despite Defendant's unsavory character as detailed in the pre-sentence report, his delusional thinking, and his failure to accept responsibility for his criminal conduct, 97 months is the sentence the Court would have likely imposed had it had the accurate offense level before it.[2]

Defendant also argues that all of the sentencing enhancements imposed by the Court should have been presented to the jury and proven beyond a reasonable doubt. This argument is without merit. Judicial fact-finding as a basis to enhance a defendant's sentence does not violate the Sixth Amendment unless it serves to enhance the maximum sentence to which defendant is subject. United States v. Fifield, 432 F.3d 1056 (9th Cir. 2005). See also United States v. Kilby, 443 F.3d 1135 (9th Cir. 2006) (district courts should resolve factual disputes at sentencing by

---

[2] The Government now argues that the guideline range should be increased pursuant to USSG 2K2.1(a)(4)(A). This, however, was not argued at the time of sentencing and was not a factor in the sentence rendered. The Court views its current task as to determine what sentence it would have imposed under an advisory guideline system had it accurately calculated the guideline range at the time of sentencing. This can be done without a full and formal re-sentencing hearing. If, however, the Court were to re-sentence Defendant anew, the Government's argument pursuant to USSG 2K2.1(a)(4)(A) could properly be considered.

applying the preponderance of the evidence standard). This Court's analysis at sentencing regarding each of the upward enhancements was accurate.

As the Court expressed at sentencing, Defendant was a worst offender who deserved the maximum sentence. But under the circumstances as they existed at the time of sentencing, this would have been the maximum sentence under the advisory guidelines, which was 97 months.

Defendant's Request for Re-Sentencing is hereby **DENIED IN PART**. Defendant's sentence is hereby **REDUCED TO 97 MONTHS**. The Judgment in this matter shall be modified accordingly.

ENTERED this 23rd day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE