Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BRET F. MANESS,<br><br>        Defendant. | NO. 3:03-cr-0077-RRB<br><br>**BRET MANESS'S RESPONSE TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION AT DOCKET NO. 163** |

**I.     Introduction.**

Bret F. Maness respectfully files his response to the government's motion for reconsideration of the order at Docket No. 162 which reduced his sentence from 120 months to 97 months.  This response will demonstrate the following four points:

- First, the order correctly identified a material error in the original sentencing guideline computation when the base offense level was set at level 20 instead of level 14 – this error requires resentencing;

- Second, because the order failed to strictly comply with the remand procedures prescribed in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (*en banc*), it is appropriate to set the matter for a resentencing hearing;

- Third, at the resentencing hearing, Mr. Maness will demonstrate that his conviction for violating AS 11.71.040(a) (the 1997 marijuana case) is not a controlled substance offense within the meaning of U.S.S.G. § 2K2.1(a)(4)(A) and therefore does not warrant a base offense level of 20; and

- Finally, at the resentencing hearing, Mr. Maness will demonstrate that it is entirely proper for the court to consider preaccusation incarceration when fashioning its sentence; the government's claim that a 97-month sentence presents Mr. Maness a "three for one" windfall [Dk. No. 163, page 21] is simply mistaken.

Accordingly at resentencing, Mr. Maness will ask the court to impose the 97-month sentence proposed at Docket No. 162.

## II. This Court's Analysis Of The Material Error In The Guideline Computation Is In All Respects Correct And Is Fully Supported By Facts And By The Law.

At Docket No. 162, this court ruled that a material error occurred in the original sentencing guideline computation and that, properly computed, the base offense level is Level 14 instead of Level 20. This ruling is entirely correct and fully supported.

In 1994, Congress enacted and President Clinton signed into law 18 U.S.C. § 922(v). This statute went into effect on September 13, 1994, and was commonly referred to as the semiautomatic assault weapon ban. The law contained a sunset provision and expired automatically on September 13, 2004.

Courts analyzing the statute have repeatedly recognized that numerous semi-automatic assault weapons were exempted from the ban. One exemption related to weapons manufactured before the ban went into effect. Ninth Circuit Judge Kozinski forcefully made this point in *United States v. Serna*, 435 F.3d 1046(9th Cir. 2006).

> Even before the federal ban was allowed to lapse, it was riddled with exceptions: Congress exempted any firearm lawfully possessed before the passage of the act, *see* 18 U.S.C. § 922(v)(2) (expired 2004), and over 650 specific firearms, *see id.* § 922(v)(3) (expired 2004). Thus a large number of semiautomatic weapons remained legally in circulation, even during the so-called ban.

*Id.* at 1048.

This view has been endorsed in other circuits and has been specifically applied to any Norinco manufactured before September 13, 1993. In *United States v. O'Malley*, 332 F.3d 361 (6th Cir. 2003), the defendant pleaded guilty to conspiracy to steal firearms, to stealing firearms and to receiving stolen firearms. *Id.* The court determined that U.S.S.G. § 2K2.1 applied and established the base offense level pursuant to § 2K2.1(a)(5) because one of the stolen weapons was a semi-automatic Norinco assault weapon. *Id.* Like the guideline in Mr. Maness's case, this subsection established an enhanced base offense level whenever "the offense involved a firearm described ... 18 U.S.C. § 921(a)(30)." The court vacated the base offense calculation and remanded the matter for resentencing with the following comment.

> [T]he weapon in question is a Norinco Kalashnikav, a weapon which is not illegal per se, but is legal to buy, so long as it was manufactured or imported before the ban against such weapons. 18 U.S.C. § 922(v)(2); *National Rifle Ass'n v. Magaw*, 132 F.3d 272, 277 (6th Cir. 1997) (grandfather provision permits possession of semi-automatic weapons lawfully possessed on the date of enactment of [18 U.S.C. § 922(v)].

*Id.* at 363.

The Norinco in this case cannot qualify as a prohibited weapon unless the government can show that the weapon was manufactured or imported after September 13, 1994. This it cannot do. The uncontradicted evidence establishes that the weapon here was a Norinco that was

manufactured **before** the assault weapon ban went into effect. *See* Firearm Tracing Form appended to Mr. Maness's Motion for Re-Sentencing at Docket No. 135 and to the government's motion for reconsideration at Docket No. 163.

For all these reasons and for the reasons articulated in Mr. Maness's Request for Resentencing at Docket No. 135, the court has properly identified a material error in the original guideline computation and that the correct base offense level must be level 14. This matter should be scheduled for re-sentencing because the six-level discrepancy is material and because *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006) requires resentencing whenever there is a material sentencing guideline computation error.

### III.    *Ameline* Requires A Resentencing Hearing.

The government's argument that procedures approved in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (*en banc*) require the scheduling of a resentencing hearing are correct and this matter should be scheduled for a resentencing hearing. *Id.* at 1085.

### IV.    Remaining Issues Should Be Resolved At The Resentencing.

The government's reconsideration request makes two additional claims. The first is that U.S.S.G. § 2K2.1(a)(4)(A) requires a base offense level of 20 because Mr. Maness previously sustained a controlled substance conviction. The second is that the court improperly considered the 21 months Mr. Maness served pre-indictment because the Bureau of Prisons mistakenly credited Mr. Maness with time served in an unrelated case. As explained below, Mr. Maness respectfully submits that the government is mistaken and that both claims must be rejected at the resentencing hearing.

**A.    Mr. Maness Has Not Previously Been Convicted Of A Controlled Substance Offense As Defined By U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(b).**

U.S.S.G. § 2K2.1(a)(4)(A) proscribes a base offense level of 20 if the defendant has a prior conviction for a controlled substance offense. Application Note 5 provides that "controlled substance offense" is defined in U.S.S.G. § 4B1.2. Section 4B1.2(b) defines "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit controlled substance) or possession of a controlled substance (or a counterfeit controlled substance) with intent to manufacture, import, export, distribute, or dispense.

This definition encompasses drug trafficking offenses, but not drug possession offenses unless there is an intent to distribute element.

On March 10, 1999, Mr. Maness was sentenced to two years with one year suspended for two counts of Misconduct Involving A Controlled Substance in the Fourth Degree in violation of AS 11.71.040(a) in *State v. Maness*, 3AN-S97-9480 CR. [PSR ¶ 74] The government asserts that these two convictions are controlled substance offenses that require a base offense level of level 20 under U.S.S.G. § 2K2.1(a)(4)(A).

With all due respect, the government is mistaken.

*Taylor v. United States*, 495 U.S. 575 (1990) establishes the procedures to be followed for determining whether a prior conviction allows the court to look only to the fact of conviction and the statutory definition of the offense when evaluating whether the prior conviction qualifies as a "controlled substance offense." *United States v. Kovac,* 367 F.3d 1116, 1119 (9th Cir.

2004). The inquiry ends if examination of the statute establishes the offense does not meet the definition of a controlled substance offense. *Id.*, *United States v. Rivera-Sanchez*, 247 F.3d 905, 908-09 (9th Cir. 2001) (*en banc*).

Where the state statute criminalizes conduct that both does and does not qualify as a controlled substance offense, the statute is over-inclusive and the court applies the "modified categorical approach." This allows judicial notice of the charging document, jury instructions, and judgment to determine whether the defendant was convicted of a "controlled substance offense." *United States v. Rivera-Sanchez*, 247 F.3d at 909.

Application of these principles to the case at bar establishes that these convictions do not qualify as "controlled substance offenses" under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(b) because the record establishes that Mr. Maness was convicted of possessing marijuana and of maintaining a building for the purpose of possessing marijuana.

Here is why.

### Count V – The Possession of Marijuana Count

Mr. Maness was convicted of Count V of the indictment in *State v. Maness*, 3AN-S97-9480 CR. This count charged him with possession of one pound or more of marijuana in violation of AS 11.71.040(a)(3)(F). AS 11.71.040(a)(3)(F) provides that:

> [A] person commits the crime of misconduct involving a controlled substance in the fourth degree if the person . . .
>
> (3)(F) possesses one or more preparations, compounds, mixtures, or substances, of an aggregate weight of one pound or more containing a schedule VIA controlled substance[.]

Marijuana is a schedule VIA controlled substance. AS 11.71.190(b).

This statute does not meet the definition of a "controlled substance offense" because it addresses only possession and not possession with intent to distribute. Because reference to the statutory language establishes that the offense does not meet the definition of "controlled substance offense," the inquiry ends and this conviction may not be used to support a base level 20 under U.S.S.G. § 2K2.1(a)(4)(A).

### Count IV – The Maintaining Count

Mr. Maness was convicted in Count IV of the indictment in *State v. Maness*, 3AN-S97-9480 CR. This count charged him with maintaining a place for keeping **or** distributing a controlled substance in violation of AS 11.41.040(a)(5). Alaska Statute 11.41.040(a)(5) provides that:

> [A] person commits the crime of misconduct involving a controlled substance in the fourth degree if the person...
>
> (5) knowingly keeps or maintains any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place that is used for the keeping **or** distributing of controlled substances in violation of a felony offense under AS 17.30[.]

[emphasis added].

This statute is over-inclusive because it outlaws both drug possession offenses where there is no intent to distribute as well as drug trafficking offenses. Under these circumstances, the court must apply the "modified categorical approach" and determine whether judicially noticable facts permit a conclusion that the defendant was convicted of an offense other than a controlled substance offense. *United States v. Rivera-Sanchez,* 247 F.3d at 908. Application of the modified categorical approach to Count IV establishes that this conviction does not qualify as a "controlled substance offense."

Count IV of the indictment in *State v. Maness*, 3AN-S97-9480 CR charged Mr. Maness with maintaining a building for the purpose of keeping or distributing controlled substances in violation AS 11.41.040(a)(5). Count IV reads as follows:

> That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS and PAUL BUTLER HACKETT, did knowingly keep or maintain any store, shop, warehouse, dwelling, building, vehicle, aircraft, **or** other structure or place which is used for keeping or distributing controlled substances in violation of a felony drug offense.
>
> All of which is a violation of AS 11.71.040(a)(5); AS 11.16.110(2)(B) and against the peace and dignity of the State of Alaska.

[emphasis added] *See* Exhibit A (Count IV of the indictment from *State v. Maness*, 3AN-S97-9480 CR). Like the statute, the charging document is over-inclusive because it seeks to charge a drug possession offense with no intent to distribute as well as a drug trafficking offenses.

Only the jury instructions given in the case appear to resolve the over-inclusiveness of the statute and the charge. Instruction No. 26 established the following elements:

> First, that the event in question occurred at or near Anchorage and on or about November 21, 1997; and
>
> Second, that Bret Fletcher Maness knowingly used or allowed another to use the building, dwelling or other structure for keeping **or** distributing of controlled substances in violation of a felony offense as charged in Count V, VI or VII of the indictment; and
>
> Third, that the defendant knew said store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure **or** place was used for keeping or distributing controlled substances.

[emphasis added] *See* Exhibit B (Instruction No.26 from *State v. Maness*, 3AN-S97-9480 CR). Again, like the statute and the indictment, the instruction is over-inclusive because the jury could

find a drug possession offense with no intent to distribute as well as a drug trafficking offense. However, the verdict forms establish that Mr. Maness was convicted of Count V (possession of marijuana) and acquitted of Counts VI, and VII. *See* Exhibit C (Verdicts for Counts V, VI, and VII from *State v. Maness*, 3AN-S97-9480 CR).

The judicially noticable facts in *State v. Maness*, 3AN-S97-9480 CR, demonstrates that Mr. Maness was convicted only of possession of marijuana and of maintaining a building for the purpose of possessing marijuana. Thus, application of the modified category approach establishes that Mr. Maness's conviction for Counts IV and V cannot qualify as controlled substances offenses under U.S.S.G. § 2K2.1(a)(4)(A).

**B.     It Is Entirely Appropriate For The Court To Consider Preaccusation Incarceration When Fashioning A Sentence.**

Finally, the government suggests that the court has "picked up the tab" by awarding Mr. Maness a "three for one" windfall when it considered the 21 months he spent in state custody as a result of the conduct in this offense before being indicted in this case. *See* Docket No. 163, pp. 21-22. The government reasons that Mr. Maness was in custody serving a sentence on an unrelated case and that the sentence in this case cannot be concurrent with the sentence in the unrelated case.

With all due respect, the government is mistaken. The record demonstrates that Mr. Maness completed service of the sentence in the unrelated case more than three years before his arrest for conduct involved in the present offense.

The unrelated case is the 1997 marijuana case referred to in the previous section. In *State v. Maness*, 3AN-S97-9480 CR, Mr. Maness received concurrent two-year sentences with one year suspended in each case. *See* Exhibit D (March 10, 1999, Judgment in *State v. Maness*, 3AN-

S97-9480 CR). The record establishes that Mr. Maness was arrested on November 21, 1997, and remanded to custody on these and other charges in *State v. Maness*, 3AN-S97-9480 CR. The record further establishes that Mr. Maness remained in custody until December 1998, when the trial was completed and he was released on bail pending sentencing. This is a period of more that one year.

Mr. Maness's probation in *State v. Maness*, 3AN-S97-9480 CR was never revoked and the sentence was later modified to credit for time served and Mr. Maness was discharged from probation. *See* Exhibit E (July 1, 2003, Judgment in *State v. Maness*, 3AN-S97-9480 CR). For these reasons, the government is wrong to suggest that the court "picked up the tab" for time spent in jail serving an unrelated sentence.

V.    **Conclusion.**

The court's analysis of the guideline calculation error in this case is entirely correct and fully supported by the law. The 97-month sentence proposed in the order at Docket No. 162 fully comports with the advisory sentencing guidelines and is consistent with the analysis endorsed in *United States v. Booker*, 125 S.Ct. 738 (2005) and its progeny. However, *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (*en banc*) requires that the matter be scheduled for a resentencing hearing.

DATED at Anchorage, Alaska this 15th day of September 2005.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on September 15, 2006,
a copy of **Bret Maness's Response to the Government's Motion for Reconsideration at Docket No. 163** was served electronically on:

Frank Russo
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy