STATE OF ...

Plaintiff,

vs.

BRET FLETCHER MANESS,    C-2
DOB: 02/01/65
AK ID/OL: 5235302
SSN: 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
ATN: 100 228 498
COUNTS: I - VII
Case No. 3AN-S97-9480 Cr.

PAUL BUTLER HACKETT,    C-2
DOB: 02/12/70
AK/ID/OL: 6533020
SSN: 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
ATN: 100 673 793
COUNTS: II, IV, V, VI & VII
Case No. 3AN-S97-9623 Cr.

Defendants.

Search Warrant Nos.: 3AN-97-229 SW; 3AN-97-227 SW; 3AN-97-228
3AN-97-226 SW; 3AN-97-2315 SW

### INDICTMENT

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to offense unless it is an address used to identify the place of the crime or it is an address or telephone number a transcript of a court proceeding and disclosure of the information was ordered by the court.

### COUNT I
**MURDER IN THE FIRST DEGREE**
AS 11.41.100(a)(1)(A)

### COUNT II
**MISCONDUCT INVOLVING WEAPONS IN THE SECOND DEGREE**
AS 11.61.195(a)(1); AS 11.16.110(2)(B)

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

EXHIBIT A
PAGE 1

MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE FOURTH DEGREE
AS 11.71.040(a)(5); AS 11.16.110.(2)(B)

COUNT V
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE FOURTH DEGREE
AS 11.71.040(a)(3)(F); AS 11.16.110(2)(B)

COUNT VI
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE FOURTH DEGREE
AS 11.71.040(a)(2); AS 11.16.110(2)(B)

COUNT VII
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE FOURTH DEGREE
AS 11.71.040(a)(3)(G); AS 11.16.110(2)(B)

THE GRAND JURY CHARGES:

COUNT I

That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS, with intent to cause the death of another person caused the death of Delbert White.

All of which is an unclassified felony offense being contrary to and in violation of AS 11.41.100(a)(1)(A) and against the peace and dignity of the State of Alaska.

COUNT II

That on or about November 21, 1997, at or near

2

EXHIBIT A
PAGE 2

firearm during the commission of a drug felony offense.

All of which is a class B felony offense being contrary to and in violation of AS 11.61.195(a)(1); AS 11.16.110(2)(B) and against the peace and dignity of the State of Alaska.

COUNT III

That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS, did knowingly manufacture, possess, transport, sell, or transfer a prohibited weapon, a pistol-grip shotgun and/or an explosive.

All of which is a class C felony offense being contrary to and in violation of AS 11.61.200(a)(3) and against the peace and dignity of the State of Alaska.

COUNT IV

That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS and PAUL BUTLER HACKETT, did knowingly keep or maintain any store, shop, warehouse, dwelling, building, vehicle, aircraft, or other structure or place which is used for keeping or distributing controlled substances in violation of a felony drug offense.

3

EXHIBIT A
PAGE 3
00001844



to and in violation of AS 11.71.040(a)(3)(F); AS 11.16.110(2)(B) and against the peace and dignity of the State of Alaska.

COUNT V

That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS and PAUL BUTLER HACKETT, did unlawfully and knowingly possessed one or more preparations, compounds, mixtures, or substances of an aggregate weight of one pound or more, containing a schedule VIA controlled substance, marijuana.

All of which is a class C felony offense in violation of AS 11.71.040(a)(3)(F); AS 11.16.110(2)(B) and against the peace and dignity of the State of Alaska.

COUNT VI

That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS and PAUL BUTLER HACKETT, knowingly manufactured or possessed with the intent to deliver, one or more preparations, compounds, mixtures, or substances of an aggregate weight of one ounce of more containing a schedule VIA controlled substance.

All of which is a class C felony offense being contrary to and in violation of AS 11.71.040(a)(2); AS

4

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

EXHIBIT A PAGE 4

OC001845



COUNT VII

That on or about November 21, 1997, at or near Anchorage, in the Third Judicial District, State of Alaska, BRET FLETCHER MANESS and PAUL BUTLER HACKETT, knowingly possessed 25 or more plants of marijuana.

All of which is a class C felony offense being contrary to and in violation of AS 11.71.040(a)(3)(G); AS 11.16.110(2)(B) and against the peace and dignity of the State of Alaska.

DATED this 1st day of December, 1997, at Anchorage, Alaska.

a true bill

_____        _____
Eric A Aarseth                        Grand Jury Foreperson
Assistant District Attorney

WITNESSES EXAMINED BEFORE THE GRAND JURY:

Dr. Norman Thompson, M.E.
APD Detective Nancy Potter
APD Officer John Daily
Jerry Patterson
Kristin McAllister

5

EXHIBIT A
PAGE 5
0C001846

Instruction No. _____

The mere possession of a firearm or firearms within one's dwelling where illegal drugs are located is not a crime. The firearm or firearms must be connected in some way to the drug offense. It is not necessary to prove that the firearm or firearms were actually used in the commission of a drug offense but it is necessary to prove that the firearm or firearms were connected either in their purpose in relation to the drugs or in their intended purpose in relation to the drugs.

United States Constitution, Second Amendment

Alaska Constitution, Article 1, section 19

See McKillop v. State, 857 P.2d 358, 363 (Alaska App. 1993)(Holding harassment statute not unconstitutionally overbroad because it is directed at conduct rather than constitutionally protected speech)

See Marks v. City of Anchorage, 500 P.2d 644, 646 (Alaska 1972)(Stating that "because the 'chilling effect' that overbroad laws have on the exercise of constitutional rights . . . broad prophylactic rules are suspect and 'precision of regulation must be the touchstone.'")

See United States v. Routon, 25 F.3d 815 (9th Cir. Nevada 1994)(Holding that mere possession of a firearm not sufficient to justify a two point sentencing enhancement. The firearm must have either facilitated or potentially facilitated the drug offense.)



DC001847    EXHIBIT 3    PAGE \_\_\_\_\_

Screen For VRA

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

| STATE OF ALASKA | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| BRET F. MANESS | ) |
| Defendant. | ) |
| DOB: 2/1/65 | ) |
| ID No. 5235302  ATN 100 228 498 | ) |

CASE NO. __3AN S97-9480__ CR

JUDGMENT AND ORDER OF COMMITMENT/PROBATION

Defendant has been convicted upon <u>a trial by jury and found guilty</u> of

| Count | Date of Offense | Offense | Statute Violated | DV Offense Per AS 18.66.990(3)&(5) (Yes or No) |
|---|---|---|---|---|
| II | 11/21/97 | Misconduct Involving Weapons in the Second Degree | AS 11.61.195(a)(1) AS 11.16.110(2)(B) | No |
| IV | 11/21/97 | Misconduct Involving a Controlled Substance in the Fourth Degree | AS 11.71.040(a)(3) AS 11.16.110(2)(B) | |
| V | 11/21/97 | Misconduct Involving a Controlled Substance Fourth Degree | AS 11.71.040(a)(3) AS 11.16.110(2)(B) | |

and the following charges were dismissed:

| Count | Date of Offense | Offense |
|---|---|---|

None

EXHIBIT C
PAGE 00001848

Page 1 of 5
CR-470wp (12/97)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT

AS 12.55.090-.110
Crim. R. 32
App. R. 215

State vs. Bret F. Maness                                    Case No. 3AN S97-9480 CR

Defendant came before the court on 3/10/99 with counsel, Donna McCready, and the District Attorney present.

IT IS ORDERED that the defendant is hereby committed to the care and custody of the Commissioner of the Department of Corrections for the following period(s):

Count II: six (6) years with two (2) years suspended, probation for ten (10) years on general and special conditions set forth below.

IT IS HEREBY ORDERED that all firearms, ammunition and firearms accessories that were seized as evidence in this case are forfeited to the Municipality of Anchorage.

IT IS FURTHER ORDERED that defendant shall pay restitution to Howard J. White in the amount of $5,500.00 and in the amount of $5,00.00 to the Alaska Violent Crimes Compensation Board.

Count IV: two (2) years with one (1) year suspended, probation for the same duration and on the same conditions as on Count II. The suspended and unsuspended prison terms on this Count shall be served consecutively to the sentence on Count II.

Count V: two (2) years with one (1) year suspended, probation for the same duration and on the same conditions as on Counts II and IV. The suspended and unsuspended prison terms on this Count shall be served concurrently with the sentence on Count IV.

IT IS HEREBY ORDERED that all marijuana, in all forms, and all equipment to grow the same and associated paraphernalia seized as evidence in this case are forfeited to the Municipality of Anchorage.

IT IS FURTHER ORDERED that defendant shall receive credit for all time previously served that is legally allocable solely to this case.

The sentence is:

— all or partially presumptive. The defendant is ineligible for parole, except as provided in AS 33.16.090(b) and (c).

x non-presumptive. The defendant is eligible for parole.

EXHIBIT C
PAGE 2

Page 2 of 5
CR-470wp (12/97)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION - 0C001849
SUPERIOR COURT

AS 12.55.090-.110
Crim. R. 32
App. R. 215

State vs. Bret F. Maness                                  Case No. 3AN S97-9480 CR

IT IS ORDERED that, after serving any term of incarceration imposed, the defendant is placed on probation under the following conditions:

## GENERAL CONDITIONS OF PROBATION

1.  Report to the Department of Corrections Probation Office on the next business day following the date of sentencing, or, if time is to be served prior to probation, report to the Department of Corrections Probation Office on the next business day following release from an institution.

2.  Secure the prior written permission of a probation officer of the Department of Corrections before changing employment or residence or leaving the region of residence to which assigned.

3.  Make a reasonable effort to secure and maintain steady employment. Should you become unemployed, notify a probation officer of the Department of Corrections as soon as possible.

4.  Report in person between the first day and the tenth day of each month, or as otherwise directed, to your assigned officer of the Department of Corrections. Complete in full a written report when your probation officer is out of the office to insure credit for that visit. You may not report by mail unless you secure prior permission to do so from your probation officer.

5.  At no time have under your control a concealed weapon, a firearm, or a switchblade or gravity knife.

6.  Do not knowingly associate with a person who is on probation or parole or a person who has a record of a felony conviction unless prior written permission to do so has been granted by a probation officer of the Department of Corrections.

7.  Make a reasonable effort to support your legal dependents.

8.  Do not consume intoxicating liquor to excess.

9.  Comply with all municipal, state and federal laws.

10. Report all purchases, sales and trades of motor vehicles belonging to you, together with current motor vehicle license numbers for those vehicles, to your probation officer.

11. Upon the request of a probation officer, submit to a search of your person, personal property, residence or any vehicle in which you may be found for the presence of contraband.

12. Abide by any special instructions given by the court or any of its duly authorized officers, including probation officers of the Department of Corrections.

EXHIBIT C
PAGE 3

00001850

Page 3 of 5
CR-470wp (12/97)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT

AS 12.55.090-.110
Crim. R. 32
App. R. 215

State vs. <u>Bret F. Maness</u>                                   Case No. <u>3AN S97-9480</u> CR

SPECIAL CONDITIONS OF PROBATION
DEFENDANT SHALL:

1. Enter into and successfully complete any mental health, anger/stress management or other counseling as recommended by a doctor and/or treatment program and/or probation officer.

2. Not have at any time on defendant's person, in defendant's residence or in car any paraphernalia normally associated with use or distribution of illegal substances or controlled substances except those for which defendant has a valid prescription.

3. Not associate with persons involved in using, manufacturing, growing, or distributing illegal substances.

4. Not enter places where illegal substances are being used, manufactured, grown or distributed.

5. Not possess any pager, cellular phone, or portable communication device absent express written consent of the defendant probation officer.

6. Not use, possess, handle, purchase, give, or administer any illegal or controlled substance, not even marijuana, without a valid prescription; and submit to testing for these of illegal or controlled substances whenever required by the probation officer.

7. Obtain and maintain verifiable full-time employment unless engaged full time in an educational or treatment program approved by the probation officer with proof of participation to be provided to the supervising probation officer. Provide proof of income when requested by the probation officer.

8. Undergo a substance abuse evaluation by an appropriate treatment agency and complete any recommended outpatient treatment, treatment, counselling and aftercare.

9. Submit to searches of his person, personal property, residence, vehicle, or any vehicle under which he has control, for the presence of firearms, controlled or illegal substances or associate paraphernalia.

10. Not possess any firearms or reside in any residence where firearms are present.

11. Submit immediately to a urinalysis and/or blood analysis by a medical doctor or medical laboratory to determine the use of illegal or controlled substances whenever directed to do so by a probation officer or the Department of Corrections.

12. Pay restitution first in the amount of $5,500.00 to the Clerk of Court for the benefit of Howard J. White and thereafter in the amount of $5000.00 for the benefit of the Violent Crime Compensation Board of Alaska pursuant to a payment schedule to be set by the defendant's probation officer, subject to court review if defendant believes it to be unfair. In addition defendant must apply for all Alaska Permanent Fund Dividends for which he becomes eligible to apply and assign the proceeds of the same to the Clerk of the Court for payment of restitution.

EXHIBIT C
PAGE 4

Page 5 of 5
CR-470wp (12/97)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT

0C001851

AS 12.55.090-.110
Crim. R. 32
App. R. 215

State vs. Bret F. Maness                                       Case No. 3AN S97-9480 CR

THE PROBATION HEREBY ORDERED EXPIRES (10) years after the day of the defendant's initial release from incarceration.

Any appearance bond in this case is:
<u>x</u>  exonerated.
__  exonerated when defendant reports to the jail to serve the sentence.
__  Other: __.

March 10, 1999
Effective Date                                                              Judge

                                                                MILTON M. SOUTER
                                                                Type Judge's Name

## NOTICE TO DEFENDANT

You are advised that according to the law, the court may at any time revoke your probation for cause or modify the terms or conditions of your probation. You are subject to arrest by a probation officer with or without a warrant if the officer has cause to believe that you have violated a condition of your probation. You are further advised that it is your responsibility to make your probation officer aware of your adherence to all conditions of probation set forth above.

<u>Sentence Appeal</u>. If you are ordered to serve more than two years in jail, you may appeal the sentence to the court of appeals on the ground that it is excessive. Your appeal must be filed within 30 days of the date of distribution stated below. If you are sentenced to serve two years or less in jail, you may seek review of your sentence by filing a petition for review in the supreme court. To do this, you must file a notice of intent to file a petition for sentence review within 10 days of the date of distribution stated below. See Appellate Rules 215 and 403(h) for more information on time limits, procedures and possible consequences of seeking review of your sentence.

|n/a|  Because you have been convicted of one of the sex offenses listed in AS 12.63.100(3), you must register as described in the attached Sex Offender Registration Requirements form (CR-471).

I certify that on  3-15-99                     I certify that on _____
a copy of this judgment was sent to:           a copy of this judgment was sent to:

✓ DA                                           __ Jail          __ Probation Officer
✓ Defense Atty. _____                 __ DOC           __ DPS-Juneau
                                               __ Data          __ DPS-Fingerprint Sect.
                                               __ Term.         __ Defendant,
Sec./Clerk: _____                     __ Off. Loc.        through _____
                                               __ Exhibit Clerk

                                               Clerk:_____

                                       EXHIBIT C
                                       PAGE 5
                                                    OC001852

Page 5 of 5                                                              AS 12.55.090-.110
CR-470wp (12/97)                                                         Crim. R. 32
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -                             App. R. 215
SUPERIOR COURT