BRET F. MANESS
REG. No. 14611-006
U.S. PENITENTIARY
P.O. BOX 019001
ATWATER, CA 95301-0910
TEL: (209) 386-4673

UNITED STATES DISTRICT COURT

RECEIVED
SEP 20 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> PLAINTIFF, <br> VS. <br> BRET F. MANESS, <br> DEFENDANT. | No. 3:03-cr-00077-RRB <br><br> BRET F. MANESS'S RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION RE: RESENTENCING |

BRET F. MANESS, PRO SE, HEREBY SUBMITS HIS RESPONSE TO THE GOVERNMENT'S "MOTION TO RECONSIDER ORDER MODIFYING SENTENCE" THAT WAS FILED ON 8-29-06 AND RECIEVED BY MR. MANESS ON 9-13-06. MR. MANESS IS CURRENTLY ON A 24 HOUR LOCK-DOWN STATUS BECAUSE HE IS UNDER AN "INVESTIGATION" BY THE B.O.P. THAT APPARENTLY WAS INSTIGATED BY MR. RUSSO. (SEE: p. 17 n.3 OF GOV'T MOTION FOR RECONSIDERATION.) THEREFORE, HE HAS BEEN SEPERATED FROM HIS LEGAL MATERIALS AND HAS NO ACCESS TO THE LAW LIBRARY. HE WILL CITE SOME CASES TO THE BEST OF HIS MEMORY AND HE BEGS THE COURT'S INDULGENCE.

## I. A NEW SENTENCING HEARING IS WARRANTED

MR. MANESS AGREES WITH THE GOVERNMENT AND MR. MCCOY THAT A NEW SENTENCING HEARING IS WARRANTED UNDER AMELINE. MOREOVER, IT IS REQUIRED BY CANTRELL AND NEW 9TH CIRCUIT CASELAW THAT REQUIRES A NEW SENTENCE HEARING WHEN A DEFENDANT CHALLENGED HIS SENTENCE BY INVOKING APPRENDI. TO THE BEST OF MR. MANESS'S MEMORY THIS CASE IS U.S. V. JESUS-(BENAL?) (9TH CIR 2006) (UNKOWN CITE AND LAST SEGMENT OF HYPHENATED NAME).

## II. A NORINCO MAK-90 IS NOT A RIFLE DESCRIBED IN 18 U.S.C. § 921 (a) (30)

Despite the government's representation, the "assault weapons" ban was originally enacted in 1989. See <u>Olympic Arms v. Buckles</u>, 301 F.3d ___ (6th Cir 200_) (unkown page no. and exact year) (explaining that the "assault weapons" ban was implemented in 1989 with restrictions on imported firearms and was later amended to include U.S. manufactured firearms in 1994) Hence Mr. Maness's characterization of his Norinco MAK-90 as a "post-ban" rifle is correct.

After the enactment of the 89' ban, many rifles with a Kalishnikov action were modified specifically to meet the new import criteria that was later codified as 18 U.S.C § 921 (a) (30). See <u>Mitchell Arms v. United States</u>, 7 F.3d ___ (Fed Cir. ___) (showing that the ATF suggested to Mitchell Arms that it could modify it's Yugoslavian Kalishnikov type rifles to meet the new import criteria, and Mitchell in fact did so.)

Norinco also modified its rifle and changed the rifle's name so it did meet the criteria codified in § 921 (a)(30) and could be legally imported, hence the new rifle's designation of MAK-90, the "90" being the year it was modified/designed.

The government's attempt to distinguish the case <u>United States v. Jamieson</u> fails because the only rifles manufactured by Norinco are bolt action .22" and pre-ban (pre 89') and post ban (post-89) Kalishnikov based rifles and Mr. Maness challanges the government to prove otherwise.

The government's reliance on ATF expert Houde is also misplaced as nowhere in his testimony does Mr. Houde state that the Norinco MAK-90 is a firearm described in §

2

921 (a)(30) OR THAT IT IS IN ANY WAY PROHIBITED OR ILLEGAL. IN FACT, TO THE BEST OF MR. MANESS'S MEMORY, MR. HOUDE TESTIFIED THAT THIS RIFLE WAS LEGALLY IMPORTED.

THE GOVERNMENT DOES NOT WISH TO MENTION THE SIXTH CIRCUIT CASE O'MALLEY, CITED BY MR. McCOY. THIS CASE IS ON ALL FOURS AND SPECIFICALLY HOLDS THAT A NORINCO MAK-90 IS NOT PROHIBITED AND IS AN IMPROPER BASIS FOR THE "ASSAULT WEAPONS" ENHANCMENT. THE GOVERNMENT IN O'MALLEY CONCEDED THE POINT. FOR THE GOVERNMENT TO CONTINUE TO INSIST THAT A NORINCO MAK-90 IS A PROHIBITED RIFLE IN THIS CASE IS IRRESPONSIBLE. THERE IS A FATAL FLAW IN THE GOVERNMENT'S ARGUMENT ON THIS ISSUE - THEY HAVE NOT CITED EVEN A SINGLE CASE TO SUPPORT THEIR POSITION.

III. PRE-INDICTMENT DELAY

AS THE COURT HAS ALREADY DENIED A DOWNWARD DEPARTURE BASED ON THE GOVERNMENT'S 21 MONTH PRE-INDICTMENT DELAY, MR. MANESS SUBMITS THAT THIS ISSUE IS NOT RELEVANT. HOWEVER, MR. MANESS FEELS HE MUST RESPOND TO THE GOVERNMENT'S BALD ASSERTION THAT MR. MANESS WAS SERVING TIME ON ANY OTHER SENTENCE. THIS IS NOT BASED ON ANYTHING BUT MR. RUSSO'S SAY SO. I WOULD BE A SIMPLE MATTER TO OBTAIN A PRINT OUT FROM ALASKA D.O.C. THAT SHOWS (A) HOW MUCH TIME MR. MANESS HAS SERVED, AND (B) HOW MUCH TIME HE WAS SENTENCED TO SERVE. THIS WILL SHOW THAT MR. MANESS ACTUALLY SERVED 29 MONTHS THAT HE WAS NOT SENTENCED FOR. MR. MANESS HAS REQUESTED THAT MR. McCOY OBTAIN THIS INFORMATION SINCE BEFORE HIS FIRST SENTENCING HEARING. THAT THE GOVERNMENT ASSERTS THAT MR. MANESS WAS "INCARCERATED ON A SEPERATE CASE DURING THE FIRST 21 MONTHS OF THAT TIME" AND TO

SUGGEST THAT, IF THIS COURT HAD GRANTED A DOWNWARD DEPARTURE IT WOULD HAVE BEEN "CONCURRENT" TO ANY OTHER SENTENCE IS FALSE AND RECKLESS. MR. MANESS HAD SERVED NEARLY TWICE THE AMOUNT OF TIME THAT HE WAS SENTENCED TO ON THE ONLY STATE CHARGE THAT HE HAS BEEN CONVICTED OF (SIMPLE POSSESSION OF MARIJUANA) BEFORE HE WAS RELEASED ON APPEAL BOND. AGAIN THE GOVERNMENT'S LEGAL ARGUMENT IS BASED ON SLEIGHT OF HAND AND IS SUPPORTED BY NOTHING.

SUBMITTED THIS 14TH DAY OF SEPTEMBER, 2006

BRET MANESS

I, BRET F. MANESS, HEREBY DECLARE ON PAIN OF PERJURY THAT I PLACED THE FOREGOING IN THE LEGAL MAIL SYSTEM AT U.S.P. ATWATER IN A SEALED ENVELOPE, FIRST CLASS POSTAGE PRE-PAID ADDRESSED TO:

CLERK OF COURT
FEDERAL BLDG. AND U.S. COURTHOUSE
222 W. 7TH AVENUE
ANCHORAGE, AK 99513

ON 9-14-06   SIGNED: 

BRET MANESS