IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF ALASKA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRET F. MANESS,<br><br>    Defendant. | Case No. 3:03-cr-0077-RRB<br><br>**ORDER VACATING ORDER MODIFYING ORDER MODIFYING SENTENCE AT DOCKET 162, DENYING RE-SENTENCING, AND REAFFIRMING ORIGINAL SENTENCE IMPOSED** |

Before the Court, at Docket 163, is the Government's Motion for Reconsideration of this Court's Order Modifying Sentence, at Docket 162, in which this Court modified the sentence originally imposed in this matter.

The issue before the Court has become procedurally complex and somewhat confused substantively since the Ninth Circuit Court of Appeals granted a limited remand pursuant to United States v. Ameline, 409 F. 3d 1073 (9th Cir. 2005). However, after again reviewing the pleadings and the most recent arguments raised by the Governments's Motion for Reconsideration, it has become clear to the Court that the 120-month sentence originally imposed in this matter was both appropriate and is required as a matter of law.

Furthermore, it is clear that the sentence imposed on November 25, 2003, would not have been materially different had the Court understood the United States Sentencing Guidelines to have be advisory as opposed to mandatory. Therefore, there is no need to re-sentence Defendant. The sentence initially imposed is hereby **REAFFIRMED** and the Judgment entered November 25, 2003, stands as written.

Defendant argues that the sentencing guideline utilized by the Court at sentencing was improper. Although initially convincing, this argument, upon closer examination, is flawed. The Government's reply memorandum, at Docket 168, sets this forth clearly. The proper offense level for a felon who possess a Norinco MAK-90 semi-automatic assault weapon, such as the one possessed by Defendant at the time in question, is 20. It does not matter whether or not the average citizen could have legally possessed this weapon, the issue is whether or not a convicted felon could.

As the Court explained at sentencing, there was ample reason to increase the offense level by 12 to a total of 32. The sentencing range for a person with an offense level 32 and a criminal history category III is 151-188 months. A review of Defendant's pre-sentence report clearly indicates that a sentence within this range would be appropriate. However, the statutory maximum sentence for the crime of conviction was 120 months, far

below the guideline range.  The Court, therefore, imposed the statutory maximum sentence and clearly articulated the reasons why such a sentence was appropriate for Defendant.

For the reasons set forth above, the Government's Motion for Reconsideration is hereby **GRANTED**.  Defendant's Request for Re-sentencing is hereby **DENIED**.  The sentence originally imposed in this matter is **REAFFIRMED**.

ENTERED this 11th day of October, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE