Bret F. Maness

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

Tel: (209) 386-4673

RECEIVED

OCT 1 6 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | NO. 3:03-cr-00077-RRB | |
| Plaintiff, ) | | |
| ) | SUPPLEMENT TO BRET | |
| VS. ) | F. MANESS'S RESPONSE TO | |
| BRET F. MANESS, ) | GOVERNMENT'S MOTION | |
| Defendant. ) | TO RECONSIDER ORDER | |
| ) | MODIFYING SENTENCE | |

Bret F. Maness, Pro Se, hereby submits his supplemental response to "United States motion to reconsider order modifying sentence" (Doc. 163).

I. CORRECTION OF CITATIONS

As Mr. Maness's original handwritten response was

drafted without access to legal materials, he will correct and complete case citations made from memory at that time.

Mr. Maness's citation of the case <u>United States V. Jesus-Benal</u> was mistaken. The correct cite is <u>United States V. Beng-Salazar</u>, 452 F.3d 1088, 1093-94 (9th Cir. 2006) (holding that full resentencing hearing is required, defendant challenged original sentence by invoking Apprendi).

The full cite for <u>Olympic Arms V. Buckles</u> is 301 F.3d 384, 386 (6th Cir. 2002) (explaining that the criteria codified as 18 U.S.C. 921(a)(30) was first implemented on imports in 1989, thus all rifles subsequently imported were specifically modified so that they were not rifles described by said statute). Accord, <u>Mitchell Arms V. United States</u>, 7 F.3d 212, 214 (Fed. Cir. 1993).

## II. GOVERNMENT MISREPRESENTS THE FACTS OF UNITED STATES V. JAMIESON

In the government's attempt to distinguish <u>United States V. Jamieson</u>, 202 F.3d 1293 (11th Cir. 2000) it makes a false statement that Mr. Maness will prove untrue. At page 13 of its motion for reconsideration the government makes the factual representation that "[u]nlike the Norinco in the case at bar, the firearm in <u>Jamieson</u> was in fact imported after the assault weapons ban, and did not have the offending characteristics that Maness's weapon contained". In context,

2

the government's motion contends that Jamieson's Norinco was imported after September 13, 1994 (See: p.12). This factual assertion is an impossibility because no firearms whatsoever were imported from China after May 28, 1994, the date China was removed from the "most favored nation trading status". <u>B-West Imports Inc. V. United States</u>, 75 F.3d 633, 634 (Fed. Cir. 1996). Thus the firearm at issue in <u>Jamieson</u> is a Norinco Mak-90 that was imported before May 28, 1994, exactly the same as Maness's rifle. Mr. Maness has requested that Mr. McCoy contact Jamieson's counsel, the federal public defender in Florida, to confirm this fact.

### III. CONCLUSION

The government has been exposed in at least three gross misrepresentations so far in this case (1) the above discussed false statements (2) that Maness has served time for any other sentence since his arrest in this case (See: 18 U.S.C. § 3585), and (3) that his state sentence had not been stayed pending appeal. Maness has clearly shown that his base offense level is 14.

Dated this 3rd day of October, 2006

/s/ Bret Maness

Bret Maness

Bret F. Maness hereby declares on pain of perjury that he placed copies of the foregoing in a sealed envelope, first class postage prepaid in the legal mail system at U.S.P. Atwater, addressed to:

F. Russo

D. Court Clerk

on 10-03-06

_____
Bret Maness