Bret F. Maness

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

Tel: (209) 386-4673



UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:03-cr-0077-RRB |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | MOTION FOR RECONSIDERATION |
| | ) | OF ORDER AT DOCKET 170 |
| BRET F. MANESS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Bret F. Maness, Pro Se, hereby moves this Court to reconsider its order at Docket 170, where the Court reverses its earlier order reducing Maness's sentence by 23 months.

Mr. Maness agrees with the Court that this remand has become "somewhat confused". He hopes to clearly show this

Court that it was initially correct.

I. MANESS'S NORINCO RIFLE IS NOT, AND NEVER WAS A "SEMI-AUTOMATIC ASSAULT WEAPON" AS DEFINED BY 18 U.S.C. § 921(a)(30).

This Court appears to recognize that the Norinco Mak-90 is a rifle that is legally possessed by the average citizen. (Doc. 170, p.2). Maness submits that by this finding, the Court must recognize that a rifle to be able to be legally imported and possessed after November 1989 it had to meet import criteria that was later codified as 18 U.S.C. § 922(a)(30) and cannot qualify as a "Semi-automatic assault rifle".

For the six point "semi-automatic assault weapon" enhancement to apply, Maness's Norinco rifle must be "[A] firearm described in ... 18 U.S.C. § 921(a)(30)". See: U.S.S.G. § 2K2.1(a)(4)(B). It is undisputed that Maness's rifle was imported after 1989, hence it is not a "semi-automatic assault weapon" as a matter of law.

"In 1989 the [government] banned importation of assault weapons..." Olympic Arms V. Buckles, 301 F.3d 384, 386 (6th Cir. 2002).

"ATF issued a final decision on November 6, 1989, rejecting the various arguments for continued importation of assault rifles". And "ATF also suggested that Mitchell [Arms]

2

modify the [Kalishnikov based] rifles to meet new import criteria". Mitchell Arms Inc. V. United States, 7 F.3d 212, 214 (Fed. Cir. 1993). Although the cases in this area should be more clear, they do show that any rifle imported between November 6, 1989, and September 13, 2004, (the date the "semi-automatic assault weapon" ban sunsetted) could not be "a firearm described in 18 U.S.C. § 921(a)(30)" because, if said rifles were firearms described by said statute they could not be legally imported or sold.

Like the Yugoslavian Kalishnikov rifles discussed in Mitchell, Maness's Chinese Kalishnikov based rifle was modified so it would not be "a firearm described in 18 U.S.C. § 921(a)(30)". Specifically, Maness's Norinco was redesignated as a Mak-90, and redesigned by replacing the flash suppressor with a muzzle break, removal of the bayonet lug, and the folding stock was pinned to make it stay in a fixed position. See: Motion To Reconsider, Doc. 163, Ex. 3-34, Line 15 (testimony of ATF Expert Houde, "there is a pin in this particular rifle['s stock]"). This is the reason that Mr. Maness's rifle is not a rifle described in § 921(a)(30) and hence is not legally a "semi-automatic assault weapon" as required for the enhancement in U.S.S.G. 2K2.1(a)(4)(B) to apply. This is the difference between what is a "semi-automatic assault weapon" and what is not as a matter of law. (Actually the term "semi-automatic assault weapon" is a bit of a misnomer and is a contradiction in terms). See: Mitchell Arms Inc., 7 F.3d at 213 N.2).

Mr. Maness agrees with the Court that this is confusing, and really was just a plain silly law. Unfortunately for the government's position it is the law and since Mr. Maness's Norinco rifle was imported after November 6, 1989, it cannot qualify as a "semi-automatic assault weapon" under 18 U.S.C. § 921(a)(30) and U.S.S.G. 2K2.1(a)(4)(B). Mr. Maness has expert witnesses that are prepared to testify to this fact.

II. MR. MANESS IS ENTITLED TO A FULL RESENTENCE AS A MATTER OF LAW.

This Court appears to have overlooked the case United States V. Beng-Salazar, 452 F.3d 1088, 1093-94 (9th Cir. 2006)), which holds that defendants who challenged their original sentence by invoking Apprendi have preserved their Sixth Amendment Booker/Ameline objection and are entitled to a full resentence hearing because by preserving the issue, it does not fall under the plain error/limited remand solution of Ameline. All circuits to rule on this issue (which are the vast majority) are the same. See: Id.

The Ninth Circuit will have no choice but to return this case for a full remand. Therefore this Court should grant Mr. Maness a full resentence hearing at this time in the name of judicial economy. Moreover this Court should grant a sentencing hearing in the name of Common Law fairplay. The "semi-automatic assault weapon" enhancement

alone amounts to nearly two years of Mr. Maness's life. Two years of any citizen's life should not be dismissed lightly. As stated above Mr. Maness has expert witnesses prepared to testify and the ATF Expert who testified at trial was not cross-examined on this issue because it was not relevant to the trial.

III. CONCLUSION.

The Court appears to put great weight on the government's Reply Memorandum at Docket 168. Mr. Maness has yet to receive this. As Mr. Maness has what amounts to De facto co-counsel status in this case, he requests that the government serve its pleadings on him voluntarily. Or failing that, that this Court order the same.

For the reasons stated above, Mr. Maness is entitled to a full sentence hearing. Where, inter alia, the above issue can be fully developed for the record.

Dated this 23rd day of October, 2006

_____
Bret Maness

Bret Maness hereby declares on pain of perjury that

5

he placed copies of the foregoing in the legal mail system at U.S.P. Atwater, in a sealed envelope, first class postage pre-paid, addressed to:

    F. Russo, T. Bradley, A.U.S.A.'s

    D. of AK Court Clerk (Anchorage)


at their addresses of record on 10-23-06

*/s/ Bret Maness*
Bret Maness