NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:03-cr-077-RRB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES'** |
| | ) | **RESPONSE TO COURT'S** |
| vs. | ) | **ORDER AT DOCKET 177** |
| | ) | |
| BRET F. MANESS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States and hereby responds to the Court's Order at docket 177, requesting a response to Defendant's Pro Se Motion for Reconsideration filed at Docket 176.  Therein, the defendant continues to argue that his Norinco MAK-90 assault rifle was not a "semi-automatic assault weapon" as defined by 18 U.S.C. § 921(a)(30), and argues that a full re-sentencing hearing

should be held for a completely unrelated reason that the defendant has raised for the first time. The Court should reject both arguments.

First, the defendant's continued claim regarding whether his assault rifle does not satisfy the definition of a "semi-automatic assault rifle" under 18 U.S.C. §921(a)(30) is not persuasive. The defendant argues that his rifle did not have the necessary offending characteristics that qualify a rifle for assault rifle treatment. Again, these characteristics are set forth in Section 921(a)(30), which provides, in relevant part:

> The term 'semiautomatic assault weapon' means –
>
> (A) any of the firearms, or copies or duplicates of the firearms in any caliber, known as – (i) Norinco, Mitchell, and Poly Technologies Avtomat Kalashnikovs (all models) . . . .
> (B) a semiautomatic rifle that has an ability to accept a detachable magazine and has at least two of –
>     (i) a folding or telescoping stock;
>     (ii) a pistol grip that protrudes conspicuously beneath the action of the weapon;
>     (iii) a bayonet mount;
>     (iv) a grenade launcher;

The defendant claims that his rifle had a pin in the stock that prevents the stock from folding. As support for this argument, the defendant excerpts a portion of ATF Expert Alfred Houde's testimony at trial: "there is a pin in this particular

rifle['s stock]. Defendant's Motion, Docket 176, p. 3. The defendant then goes on to argue that this pin prevents the stock from folding.

Conveniently, the defendant has quoted Agent Houde's statement completely out of context. When one reads Agent Houde's full statement, it is clear that the defendant's rifle did have a folding stock:

> Q: Describe the stock on that weapon.
>
> A: <u>This is a metal folding stock</u>, meaning that generally there's a pin in this particular rifle <u>and you can fold the stock for either easy carriage or easy storage.</u>

<u>See</u> Trial Testimony of Alfred Houde, attached as Exhibit A to Government's Motion filed at docket 163, p. 3-34 (emphasis added). Agent Houde then describes the grip on the weapon: "This is what's known as a pistol grip." <u>Id.</u> The defendant's arguments regarding how and when his assault rifle was imported, and when and if it was modified, are all beside the point. The fact is, based on Agent Houde's testimony, the defendant's rifle satisfies two of the criteria set forth in 18 U.S.C. §921(a)(30)(B), and his rifle qualifies as a "semi-automatic assault weapon," with an attendant enhanced base offense level.

Similarly, the defendant's claim that he never had a chance to argue the applicability of this enhancement at sentencing is not true. The enhanced base offense level was set forth in the pre-sentence report and objected to by the

defendant. Indeed, the Court requested further briefing on this precise issue prior to sentencing. At sentencing, the Court fully – and correctly – decided this issue. The defendant's request for a "second bite at the apple" should be denied.

Next, the defendant's argument for a new sentencing hearing pursuant to United States v. Beng-Salazar, 452 F.3d 1088 (9th Cir. 2006) is outside the Court of Appeals limited remand mandate to this Court. The remand in this case unequivocally states "Because Maness did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to United States v. Ameline . . . ." See Amended Memorandum from Ninth Circuit, filed July 21, 2004, attached hereto as Exhibit A. This order is law of the case and controlling. See United States v. Boulware, 2006 WL 3615165 at *4 (9th Cir. December 13, 2006), citing Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir. 1998). Thus, the Ninth Circuit memorandum conflicts with the defendant's assertion that he has preserved his Sixth Amendment objection. If the defendant believes that the Ninth Circuit was incorrect, he must raise that issue in that forum – not this one. If he chooses to do so, the United States then could argue that the defendant waived this argument by not raising it in his initial appeal. Regardless, as in Boulware, the parties are bound by the earlier Court of Appeal remand. The question, which the Court accurately described in its original request to the parties, is whether a

4

new sentencing hearing is necessary pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005).   The defendant received a ten-year sentence, which the Court found appropriate given the defendant's extreme actions of threatening to kill law enforcement officers, leading them on an extended vehicle pursuit, and ultimately turning his assault weapon towards them during the extended manhunt, which the Court found recklessly endangered citizens; the Court also found that the defendant obstructed justice at trial by perjuring himself.   At sentencing, the Court stated that the defendant "earned the maximum," which is as true today as it was some three years ago when the defendant was sentenced.   Accordingly, the United States respectfully requests that the Court deny the defendant's motion for reconsideration.

  RESPECTFULLY SUBMITTED this <u>15th</u> day of December, 2006 in Anchorage, Alaska.

              NELSON P. COHEN
              United States Attorney

              <u>s/ Frank V. Russo</u>
              FRANK V.  RUSSO
              Assistant U.S. Attorney
              Federal Building & U.S. Courthouse
              222 West Seventh Avenue, #9, Room 253
              Anchorage, Alaska  99513-7567
              (907) 271-5071
              (907) 271-1500 (fax)
              Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing
was sent to Kevin McCoy, Esq. on
December 15, 2006, via:

    (X) Electronic case filing notice

as well as Bret Maness by U.S. Mail.


s/ Frank V. Russo