RECEIVED
JUL 25 2005
Office of
United States Attorney
Anchorage, AK

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 04-30004 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00077-a-RRB |
| v. | AMENDED MEMORANDUM[*] |
| BRET F. MANESS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 9, 2004
Filed October 25, 2004
Withdrawn and Filed June 9, 2005
Anchorage, Alaska

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

Brett Maness challenges his conviction under 18 U.S.C. § 922(g) of being a felon in possession of a firearm. We affirm this conviction and remand for resentencing.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1). Even assuming that the shackling order was an abuse of discretion, the order did not prejudice Maness, so it did not deprive him of due process of law. In this case, as in United States v. Collins, 109 F.3d 1413, 1418 (9th Cir. 1997), "there is no evidence the jury was aware that [the defendant] was shackled or restrained." The district judge took care that the jury never knew that Maness's ankles were in restraints. The judge personally verified that the jury could not see Maness's shackles by walking over to the jury box and looking at the defense counsel table. The judge ordered the shackles temporarily removed during voir dire, when jurors were sitting behind Maness and could see his feet. And the judge permitted Maness to walk to and from the witness stand when he testified. Nothing in the record suggests that the shackling order had the potential to affect the verdict.

2). The district court did not abuse its discretion in restricting Maness's testimony. Whether Alaska state troopers shot Maness in the back was not relevant to whether he was a felon in possession of a firearm or ammunition.

3). Nor did the district court err in declining to instruct the jury on the justification or duress defenses. Maness failed to present sufficient evidence establishing that he had no reasonable alternative to arming himself and fleeing. The tape recording indicates that Maness knew that his pursuers were police

officers. He could have escaped any perceived threat of harm by surrendering to the officers. Instead, he fled with the weapons. In addition, any threat of harm to Maness was not unlawful. The officers were on his property to serve a lawful order. The tape reveals that he, not the officers, inflamed the situation. There was

*v. Ameline*, No. 02-30326, slip op. at 26-29 (9th Cir. June 1, 2005) (en banc).

**AFFIRMED IN PART and REMANDED.**

3