Bret F. Maness

Reg. No. 14611-006

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301-0910

Tel: (209) 386-4673

**FILED**

JAN - 3 2007

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:03-cr-00077-RRB |
| Plaintiff, | ) | BRET F. MANESS'S REPLY |
| vs. | ) | TO GOVERNMENT'S RESPONSE |
| BRET F. MANESS, | ) | TO COURT'S ORDER |
| Defendant. | ) | AT DOCKET 177 |
| | ) | |

Bret F. Maness, hereby replies to the Government's response (Doc 178) to his Motion for Reconsideration (Doc 176). The Government seems to concede that for Mr. Maness's rifle to qualify as a "semiautomatic assault weapon" pursuant to 18 U.S.C. §921(a)(30), it must be:

(A) a copy of an "Avtomat Kalashnikov", and/or,

(B) a semiautomatic rifle that has an ability to accept a detachable magazine and at least two of-

    (i)   a folding or telescoping stock;

    (ii)  a pistol grip that protrudes conspiciuosly beneath the action of the weapon;

    (iii) a bayonet mount;

    (iv)  a grenade launcher;

I. MR. MANESS'S NORINCO RIFLE IS NOT LEGALLY A "COPY" OF AN "AVTOMAT KALASHNIKOV"

The Norinco Mak-90 is based upon the rifle action invented by Mr. Mikhail Kalashnikov, however it is not an "Avtomat Kalashnikov", nor is it legally a "copy" for the purposes of section 921(a)(30)(A)(i). The Norinco Chinese made Kalashnikov based rifle (the Mak-90) was specifically modified to be neither an "Avtomat Kalashnikov" nor a "copy" of one. Hence, it was legally imported throughout the "semiautomatic assault weapon" ban as were Kalashnikov based rifles from many other countries, including: Rumania, Hungary, Bulgaria, Russia, and the Yugoslavian Kalashnikov based rifles discussed in <u>Mitchell Arms v. United States,</u> 7 F.3d 212, 214 (Fed. Cir. 1993). In fact, most of the other firearms listed in section 921(a)(30)(A) were manufactured/imported throughout the "semiautomatic assault weapon" ban in a modified form and were not legally considered "copies" of the firearms they were based upon. The Government does not seem to seriously dispute that Mr. Maness's Norinco rifle is not a "copy" for purposes of section 921(a)(30)(A)(i).

II. MR. MANESS'S NORINCO RIFLE DOES NOT QUALIFY AS A "SEMIAUTOMATIC ASSAULT RIFLE" UNDER § 921(a)(30)(B)

The Government concedes that if the stock on Mr. Maness's rifle does not legally qualify as a "folding" stock, then his rifle does not meet the criteria of section 921(a)(30)(B) which further defines a "semiautomatic assault

2

rifle" as a rifle with the ability to accept a detachable magazine and having two or more of the enumerrated features. (The Government does not claim Maness's Norinco has "a grenade launcher" or "a bayonet mount").

    The Government then implies that Mr. Maness has "quoted [ATF] Agent Houde's statement completely out of context." The Government then quotes the same passage that Mr. Maness quoted in his motion. (p. 3). Mr. Maness submits that ATF firearms expert Houde clearly testifies to the fact that Mr. Maness's rifle is equipped with a folding style stock that is permenantly pinned in the fixed position, thus converting it to a legally "fixed" stock. This was a common modification during the ban and Mr. Maness has experts prepared to testify to this fact. The Government's argument defies logic because if what they claim is true, and Mr. Maness's rifle is legally a "semiautomatic assault weapon" because it is equipped with a "folding" stock, it never could have been legally imported after November 6, 1989. See: Mitchell, 7 F.3d at 214; Accord, Olympic Arms v. Buckles, 301 F.3d 384, 386 (6th Cir. 2002). However, the Government does not dispute that Mr. Maness's rifle was legally imported, sold, and owned by him during the ban.

    Mr. Maness does agree, in a sense, that Mr. Houde's testimony is taken out of context. Mr. Houde was testifying at at trial, where the issue of whether or not a Norinco Mak-90 qualifies as an "assault weapon" under § 921(a)(30) was not relevant. If the Government is to rely on ATF firearms expert Houde to prove this issue, then Mr. Maness has a due process right to cross examine him on it.

At least two other circuits have declared that the Norinco Mak-90 does not meet the definition of "semiautomatic assault weapon" provided by section 921(a)(30). "[N]orinco changed the way it manufactured the firearm at issue after Congress passed a new law banning certain types of assault weapons." United States v. Jamieson, 202 F.3d 1293, 1295 (11th Cir. 2000).

The "Norinco Kalashnikav [is] a weapon that is not illegal..." and it is not "an illegal semiautomatic Norinco assault weapon prohibited under 18 U.S.C. 921(a)(30)(A)." United States v. O'Malley, 332 F.3d 361, 363 (6th Cir. 2003).

### III. THIS COURT HAS DISCRETION TO GRANT A FULL RESENTENCING HEARING

The Government does not dispute that Mr. Maness raised a sixth amendment objection at sentencing by invoking Apprendi, thereby preserving his Booker issue for appeal. However it relies on the case Jeffries v. Wood, 114 F.3d 1445, 1489 (9th Cir. 1998), for the premise that Mr. Maness is precluded from requesting a full sentencing hearing pursuant to United States v. Beng-Salazar, 452 F.3d 1088, 1093-94 (9th Cir. 2006), based upon the "law of the case" doctrine.

Mr. Maness submits that Jeffries declares that this Court has the discretion to grant a resentencing hearing in this case. "Certainly, law of the case is a discretionary doctrine." 114 F.3d at 1489. "The prior decision should be followed unless: (1) the decision is clearly erroneous and its enforcment would work a manifest injustice, (2)

4

intervening controlling authority makes reconsideration appropriate,..." Id. (internal quotation marks omitted). Mr. Maness clearly satisfies this criteria.

Next, the Government filed a supplement (on December 18) relying on the new Ninth Circuit case, United States v. Combs, C.A. No. 05-30486 (9th Cir. December 18, 2006), which declares: "The limited remand procedure left no room for the district judge to consider new objections to the original sentence -- objections defendant could have raised the first time around, but failed to do so." The Government implies that Maness failed to raise the issue that he had preserved his sixth amendment argument on appeal. This is a misleading implication. The record in this case clearly shows that Mr. Maness raised his sixth amendment objection at the original sentencing, upon remand, and on appeal he vigorously argued that said issue was preserved. The Ninth Circuit overlooked the uncontraverted fact that Mr. Maness had preserved his Booker issue by invoking Apprendi in challenge to his sentence enhancments. That the Ninth Circuit committed this error in the confusion following the Supreme Court's decisions in Blakely and Booker, and the Ninth Circuit's subsequent En Banc decision in Ameline should not prejudice him. Moreover, the caselaw regarding the issue of whether or not a defendant had preserved his Booker issue by invoking Apprendi at sentencing was undecided at the time that Maness's appeal opinion was issued. Now the law in this area is well settled -- in Mr. Maness's favor.

5

IV.  RESENTENCING IS STILL REQUIRED BY

UNITED STATES V. CANTRELL

At the initial sentence hearing this court made the erroneous finding that Mr. Maness's Norinco rifle was an illegal prohibited weapon, and enhanced his sentence acordingly. As this court now concedes, and the caselaw shows, this finding was in error. Hence, a resentencing hearing is now required by United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006), which declares: "[a]t a minimum, [] the district court [must] calculate correctly the sentencing range prescribed by the guidlines. "[D]istrict courts are required [by statute] to consult [the correct guideline range]." Id. (internal citations and quotation marks omitted.

V.  CONCLUSION

Just before filing this reply brief, Mr. Maness received this court's order denying his motion for reconsideration. Mr. Maness request this court take notice that this reply is timely filed pursuant to the "prison mailbox rule". He further requests that the court give his timely filed reply the full consideration that due process requires and that it gave to the Government's previously filed reply brief.

DATED this 28th day of December, 2006

_____
Bret Maness

6

Bret Maness hereby declares on pain of perjury that he placed copies of the foregoing in the legal mail system at U.S.P. Atwater in a sealed envelope, first class postage pre-paid, addresssed to:

    District of Alaska court clerk (Fairbanks)

    Frank Russo, A.U.S.A. (Anchorage)

At their addresses of record on 12-28-06

_/s/ Bret Maness_
Bret Maness

7